In the Matter of the Estate of HENRY HYAMS, Deceased.

KINGS COUNTY TRUST COMPANY, as Executor of HENRY HYAMS, Deceased, Appellant and Respondent; SOPHIE HYAMS, Respondent and Appellant.

Surrogates' Courts — proceedings to discover property withheld from an executor, instituted under the statute (Surrogate's Court Act, §§ 205 and 206, L. 1920, ch. 928, as amd.) — surrogate has no power to determine title, or right of possession, of any property other than that owned by testator at the time of his death.

1. In proceedings to discover property withheld from an executor, instituted under the statute (Surrogate's Court Act, §§ 205, 206, L. 1920, ch. 928) the surrogate has no power to determine the title; or the right to possession, of any property other than that which belonged to the deceased in his lifetime, and at the conclusion of the hearing in such proceeding the surrogate can only direct the delivery of specific money or personal property which belonged to the deceased in his lifetime. If such property has been exchanged for other property, or sold, then the Surrogate's Court has no power to direct the same, or the proceeds of the sale, to be turned over to the executor.

2. The executor of decedent presented a petition to the Surrogate's Court in which it alleged that a certain number of bonds of a domestic corporation and a certain amount of United States securities owned by the deceased at the time of his death were in the possession of his widow who withheld them from the executor, and asked that an inquiry be held with respect thereto. Testator's widow interposed an answer, in which she alleged that the securities in question belonged to her; that they were given to her by her husband; that she has retained, and still has, the bonds of the domestic corporation, and that she had sold the other securities, prior to the institution of

the proceeding, and with the proceeds derived from the sale had purchased other securities, which she now holds. The surrogate held that the bonds of the domestic corporation were given by testator to his widow before his death, and dismissed the proceeding as to the other securities, declining to · make any direction in the matter, evidently upon the theory that the Surrogate's Court did not have jurisdiction to pass upon the question. Upon appeal the Appellate Division unanimously affirmed the decree of the Surrogate's Court in so far as it related to the bonds of the domestic corporation and reversed it in so far as it dismissed the proceeding as to the other securities, and sent the matter back to the Surrogate's Court with directions to determine whether these securities were a valid gift *inter vivos.* In reversing that part of the surrogate's decree dismissing the proceeding as to the securities, other than the domestic bonds, the order of the Appellate Division is erroneous. The remedy provided by the statute does not apply to the case. It is confined exclusively to property owned by the deceased in his lifetime and it does not relate or apply to any other property. The securities which testator's widow now holds purchased with the proceeds of securities left by testator, and sold by her, did not belong to him at the time of his death and the executor cannot now follow the proceeds of the securities sold by her and then impress a trust upon the securities purchased with such proceeds.

*Matter of Hyams,* 205 App. Div. 893, modified.

(Argued November 21, 1923; decided December 27, 1923.)

CROSS-APPEALS from an order of the Appellate Division of the Supreme Court in the second judicial department, entered April 13, 1923, which modified and affirmed as modified a decree of the Kings County Surrogate's Court made in a proceeding for the discovery of assets of the estate of Henry Hyams, deceased.

The following questions were certified: " 1. In the circumstances disclosed by this record, did the surrogate have jurisdiction to hear, try and determine the question whether there was a valid gift of the bonds enumerated in the petition other than the Westinghouse bonds?

" 2. In a discovery proceeding under sections 205 and 206 of the Surrogate's Court Act, where negotiable securities which are the subject of the proceeding and itemized in the petition are not in the possession of the

respondent at or subsequent to the commencement of the proceeding, and when the answer sets up and the evidence establishes such fact, and when the answer also sets up title as to such negotiable securities in the respondent at and prior to the death of the petitioner's estate, and when respondent holds other and totally distinct negotiable securities purchased with the proceeds of the sale of the securities so disposed of, has the surrogate jurisdiction in such proceeding to hear, try and determine the question of title to such securities so disposed of between the respondent and the petitioner's testate? "

*George E. Brown* for petitioner, appellant and respondent. The question whether there was a gift *inter vivos* of the $2,000 Westinghouse bonds is a question of law, to wit, whether there is any evidence of delivery, actual or symbolical, sufficient to support a conclusion that there was such a gift; and there is no evidence of delivery. (*Beaver* v. *Beaver*, 117 N. Y. 421; *Van Cleef* v. *Maxfield*, 103 Misc. Rep. 448; *Matter of Van Alstyne*, 207 N. Y. 298; *Matter of O'Connell*, 33 App. Div. 483; *Matter of Canfield*, 176 App. Div. 554.) The determination of the Appellate Division that the Surrogate's Court had jurisdiction as to the $30,000 United States government bonds should be affirmed. (*Matter of Aldrich*, 194 App. Div. 815.)

*Theodore Kiendl, Lee McCanliss* and *Otis T. Bradley* for Sophie Hyams, respondent and appellant. A valid gift of the Westinghouse bonds was overwhelmingly established at the trial and the order of the Appellate Division in so far as it unanimously affirmed the determination of the surrogate that there was such a valid gift *inter vivos* should be affirmed. (*Matter of Thayer*, 193 N. Y. 430; *Matter of Cohn*, 187 App. Div. 392; *Matter of Goodwin*, 114 Misc. Rep. 39; *Matter of O'Connor*, 191 N. Y. Supp. 941; *McGavic* v. *Cossum*, 72 App. Div. 35: *McGuire* v. *Murphy*, 107 App. Div. 104; *Matter of Stalden*,

194 N. Y. Supp. 349; Matter of Braun, 121 Misc.
Rep. 18; Hunter v. Hunter, 19 Barb. 631; Foley v. N. Y.
Savings Bank, 157 App. Div. 868; Matter of Van Alstyne,
207 N. Y. 298.) As the remaining bonds were not in the
widow's possession at or subsequent to the commence-
ment of this proceeding, the surrogate properly refused
to make any direction in reference thereto and the
Appellate Division erred in reversing the decree of the
surrogate in respect thereof and in remitting the pro-
ceeding back to the surrogate to hear and determine the
question whether there was a valid gift of the bonds that
had been disposed of. (Matter of Capria, 89 Misc Rep.
101; Matter of White, 119 App. Div. 140; Matter of Ryan,
115 Misc. Rep. 472; Matter of Cunard, 7 N. Y. Supp. 553;
Heaton on Surr. Courts [4th ed.], 1146, 1147; Matter of
Heinze, 224 N. Y. 1; Public Administrator v. Ward, 3
Bradf. 244; Matter of Curry, 25 Hun, 321; Matter of
O'Brien v. Baker, 65 App. Div. 289; Matter of Wing, 41
Hun, 452; Matter of Callahan, 95 Misc. Rep. 438.)

McLAUGHLIN, J. This proceeding was instituted under
sections 205 and 206 of the Surrogate's Court Act (L.
1920, ch. 928) for the purpose of ascertaining whether
certain specified securities alleged to have belonged to the
testator at the time of his death were held by his widow,
Sophie Hyams.

Section 205 is entitled: " Proceeding to discover
property withheld." It provides that an executor,
administrator or guardian may present to the Surrogate's
Court from which letters were issued to him, a petition
setting forth on knowledge, or information and belief,
any facts tending to show that money or other personal
property which should be delivered to the petitioner is
in the possession or under the control, or within the
knowledge or information of a person who withholds
the same from him; or who refuses to impart knowledge
or information he may have concerning the same, or

disclose any other fact which will aid such executor, administrator or guardian in making discovery of such property, and praying an inquiry respecting it, and that the respondent may be ordered to attend the inquiry and be examined accordingly, and to deliver the property if in his control. If the surrogate is satisfied, on the papers presented, that there are reasonable grounds for the inquiry, he must make an order accordingly, which may be made. returnable forthwith, or at a future time fixed by the surrogate.

Section 206 provides that if the person directed to appear submits an answer denying any knowledge concerning, or possession of, any property which belonged to the deceased in his lifetime, he shall be sworn to answer truly all questions put to him touching the inquiry prayed for in the petition. If it appears that the petitioner is entitled to the possession of the property, the decree shall direct delivery thereof to him. If such answer alleges title to or the right to possession of any property involved in the inquiry, the issue raised by such answer shall be heard and determined and a decree made accordingly.

The Kings County Trust Company, as executor under the last will and testament of Henry Hyams, deceased, presented a petition to the Surrogate's Court, in which it alleged that $2,000 Westinghouse Electric and Manufacturing Company bonds, and $30,000 United States securities owned by the deceased at the time of his death were in the possession of Mrs. Hyams, who withholds them from it, and asked that an inquiry be held with respect thereto.

Mrs. Hyams interposed an answer, in which she alleged that the securities in question belonged to her; that they were given to her by her husband; that of such securities she has retained, and still has, the Westinghouse bonds; that the other securities she had sold prior to the institution of this proceeding and with the proceeds

derived from the sale purchased other securities, which she now holds.

After a hearing before the surrogate he held that the Westinghouse bonds were given to Mrs. Hyams by her husband prior to his death; and dismissed the proceeding as to the other securities, declining to make any direction in the matter, evidently upon the theory that the Surrogate's Court did not have jurisdiction to pass upon the question.

Upon appeal the Appellate Division unanimously affirmed the decree of the Surrogate's Court in so far as it related to the Westinghouse bonds, and reversed in so far as it dismissed the proceeding as to the other securities, and sent the matter back to the Surrogate's Court with directions to determine whether these securities were a valid gift *inter vivos*. The trust company appeals to this court as a matter of right from so much of the order of the Appellate Division as affirmed the determination of the Surrogate's Court relating to the Westinghouse bonds. Mrs. Hyams appeals, by permission, from the order of the Appellate Division in so far as it reversed the decree of the Surrogate's Court, and remitted the matter to it to determine whether she had title to the other securities.

Under the sections of the Surrogate's Court Act to which reference has been made, it will be observed that the proceeding is limited to an inquiry concerning " money or other personal property " which should be delivered to the executor. At the conclusion of the hearing the decree terminating the proceeding can only direct the delivery of specific money or personal property *which belonged to the deceased in his lifetime*. If such property has been exchanged for other property, or sold, then the Surrogate's Court has no power to direct that the same be turned over to the executor. (*Matter of Heinze,* 224 N. Y. 1.) The Surrogate's Court is a court of limited, jurisdiction. It has only such power as is conferred upon it by statute. It has not been given power to determine

the title, or the right to possession, of any property, other than that which belonged to the deceased in his lifetime.

It is suggested that when sections 205 and 206 are read in connection with section 40 of the Surrogate's Court Act, it has the power to determine all matters necessary to be determined in order to make a full, equitable and complete disposition of the matter involved. Section 40 does not enlarge the powers of the Surrogate's Court in so far as the same relate to a discovery under sections 205 and 206. These sections point out specifically what must be done to obtain the discovery. An inquiry may be had concerning specific personal property. The inquiry is in terms limited to specific personal property which was owned by the decedent in his lifetime, and before a decree can be entered under section 206, it must appear that the petitioner is entitled to the possession of the specific property withheld. No decree can be entered directing the disposition of other property or proceeds derived from property in case a sale has been made. The right of an executor or administrator to compel discovery of a decedent's property is not of recent origin. It has existed for many years, as indicated by legislation and decisions upon the subject. It was not, however, until the amendment of 1914 (Chap. 443) that title to property, the possession of which was sought, could be tried. If a verified answer were interposed denying the right to the possession of the property specified, than until the amendment of 1914 the proceeding had to be dismissed. (*Matter of Walker*, 136 N. Y. 20.)

The remedy now given does not apply to the case before us. Its primary purpose is still inquisitorial. It is confined exclusively to property owned by the deceased in his lifetime and it does not relate or apply to any other property. The securities, other than the Westinghouse bonds, Mrs. Hyams sold or exchanged. The securities which she now has did not belong to the testator. They were not owned by him at the time

of his death. To say that the executor can now follow the proceeds derived from the sale of the securities which the testator did not own at the time of his death, and then impress a trust upon such securities, is to give to the Surrogate's Court power which can nowhere be found in the statute. That is not an issue to be litigated in a proceeding of this character. The right to the securities must be determined in a proper proceeding instituted for that purpose.

The order of the Appellate Division, therefore, in so far as it affirmed the decree of the Surrogate's Court relating to the Westinghouse bonds, is affirmed, and in so far as it reversed the decree of the Surrogate's Court and remitted the matter to it to determine the title of other securities, is reversed and the decree of the Surrogate's Court on that subject affirmed, with costs payable out of the estate to Sophie Hyams in this court and the Appellate Division.

Questions certified, No. 1 answered in the negative, and No. 2 not answered.

HISCOCK, Ch. J., HOGAN, POUND, CRANE and ANDREWS, JJ., concur; CARDOZO, J., not voting.

Ordered accordingly.