In the Matter of the Estate of WIKTOR DEMKO, Also Known as VICTOR DAMCHO, Deceased.

JOHN MILLER, Also Known as EWAN MILANICHRAK, Appellant; CHARLES A. WHITE, Public Administrator for the County of Erie, as Administrator, etc., of WIKTOR DEMKO, Also Known as VICTOR DAMCHO, Deceased, Respondent.

Fourth Department, June 30, 1925.

**Discovery — proceedings under Surrogate's Court Act, § 205, as amd. by Laws of 1923, chap. 273, to compel discovery and delivery of property to administrator — fact that sister of intestate may have claim to property does not bar administrator's right.**

In proceedings under section 205 of the Surrogate's Court Act, as amended by chapter 273 of the Laws of 1923, to compel the discovery and delivery of property to an administrator, it is no defense that a sister of the intestate may have a claim to the property in question, where the person in whose possession the property is does not claim that it was given to him by the intestate as a gift *causa mortis* for the benefit of the intestate's sister.

APPEAL by John Miller, also known as Ewan Milanichrak, from an order of the Surrogate's Court of the county of Erie, entered in the office of said Surrogate's Court on the 21st day of February, 1924, directing the return to the administrator of certain moneys with interest.

*Morris Lipsitz,* for the appellant.

*Charles A. White,* in *propria persona,* as administrator of Wiktor Demko, for the respondent.

PER CURIAM:

Upon the petition of the administrator and after hearing the proofs, the surrogate has directed the appellant John Miller to return to the administrator the sum of $1,096 and certain interest. The petition was made pursuant to the provisions of section 205 of the Surrogate's Court Act (as amd. by Laws of 1923, chap. 273; since amd. by Laws of 1924, chap. 100). The evidence presented justifies the finding of the surrogate that on the 6th day of February, 1923, the decedent Wiktor Demko delivered the sum of $1,275 to John Miller to hold as a custodian, and that John Miller has lawfully disbursed therefrom the sum of $179. Inasmuch as John Miller denied the receipt of the money and does not claim that it was given to him as a gift *causa mortis* for the benefit of Demko's sister, we are not called upon in this proceeding to determine whether or not Demko's sister is entitled ultimately to receive this money. At the time of its delivery to Miller it was decedent's money.

It never became Miller's, and justice requires now that it be returned to the administrator without prejudice to any rights that any third person or persons may have obtained growing out of any act of the intestate's. The facts mentioned bring the case within the language of section 205 of the Surrogate's Court Act as it stood at the time of the filing of this petition in December, 1923. (*Matter of Hyams,* 237 N. Y. 211; *Matter of Heinze,* 224 id. 1.)

The order appealed from should be modified by striking out the two paragraphs of the order appearing at folios 32 and the beginning of 33 in the printed record, and inserting in lieu thereof: " that the said sum of one thousand two hundred and seventy-five dollars was turned over by the decedent to said John Miller to be kept by him for the decedent," and by striking out the words, " is accountable for " in the paragraph of the decree beginning with " ordered and decreed " and appearing at the 34th folio of the printed record, and inserting in place thereof the words " should deliver," and by striking out the words " together with the interest thereon " in the same paragraph, and further by striking out from the final paragraph of said order the words " with interest thereon at the rate of six per cent per annum from the 6th day of February, 1923 to the 15th day of March, 1923, and on $1,175.00 from the 15th day of March, 1923 to the 21st day of April, 1923, and on $1,096.00 from the 21st day of April, 1923 to the date of such payment," and as so modified the decree should be affirmed, without costs.

All concur. Present — HUBBS, P. J., CLARK, DAVIS, SEARS and CROUCH, JJ.

Order modified in accordance with the opinion and as modified affirmed, without costs of this appeal to either party.