In the Matter of the Estate of LAURA B. FRALEY.

Surrogate's Court, New York County, February 7, 1927.

**Surrogate's Court — discovery proceedings — Surrogate's Court Act, §§ 205, 206, as amended by Laws of 1924, chap. 100, permits institution of discovery proceedings for proceeds of sale or value of personal property — evidence in discovery proceedings shows illegal withholding of proceeds of sale of personal property belonging to decedent — decree, requiring payment of proceeds of sale to executor, should issue.**

Sections 205 and 206 of the Surrogate's Court Act, as amended by Laws of 1924, chap. 100, permit an executor to institute discovery proceedings for the proceeds of the sale or the value of personal property which has been disposed of by the party against whom the proceedings are had.

Accordingly, since the evidence in this discovery proceeding discloses the illegal withholding of the proceeds of the sale of personal property belonging to decedent's estate, which decedent placed with the corporation respondent for sale, a decree must necessarily issue directing said respondent to turn over to petitioner, as executor, a sum of money aggregating the net proceeds of said sale.

DISCOVERY proceeding to recover proceeds of personal property belonging to decedent's estate.

*Kaye, McDavitt & Scholer,* for the executor.

*Charles Brandt, Jr.,* special guardian.

FOLEY, S. This is a discovery proceeding, brought against Harry A. Jaffe, Inc., and Harry A. Jaffe. The latter is the president of the corporation respondent. The petitioner executor seeks to recover the proceeds of the sale of personal property belonging to the estate of decedent, which he placed with the respondents for appraisal and sale. The property was sold through Harry A. Jaffe, Inc., in April, 1925, for the sum of $3,460.75. An examination of the respondents was held, and motion is now made on the examination and order of discovery for a decree of this court directing the respondents to turn over to the petitioner the sum

of $3,188.75, the net proceeds of the sale above mentioned, which is still due and owing.

Section 205 of the Surrogate's Court Act (as amd. by Laws of 1924, chap. 100) provides in part as follows: " An executor * * * may present to the surrogate's court from which letters were issued to him a petition setting forth * * * any facts tending to show that money or other personal property, or the proceeds or value thereof, which should be delivered or paid to the petitioner, * * * is in the possession, under the control or within the knowledge or information of a person who withholds the same from him, whether such possession or control was obtained in the lifetime of a decedent or subsequent to his death; * * * and that the respondent may be ordered to attend the inquiry and be examined accordingly, and to deliver the property if in his control. * * * "

Section 206 of the Surrogate's Court Act (as amd. by Laws of 1924, chap. 100) provides in part as follows: " * * * If it appears that the petitioner is entitled to the possession of the property, the decree shall direct delivery thereof to him, or if the estate property shall have been diverted or disposed of the decree may direct payment of the proceeds or value of such property or may impress a trust upon said proceeds or make any determination which a court of equity might decree in following trust property or funds. * * * "

The recent amendments to the sections above quoted (in effect September 1, 1924) have changed the law of this court to a great extent in discovery proceedings. Previous to the enactment of these amendments, discovery was limited to an inquisition into the retention of alleged estate property, a trial of title, and the final decree might in a proper case direct delivery of the specific articles of personal property. The proceeding may now be brought for the proceeds of the sale or the value of the personal property which had been disposed of by the respondent. The evidence in this proceeding discloses the illegal withholding of the proceeds of the sale of property belonging to the estate by the corporation respondent. No liability against the individual respondent has been established and the proceeding must be dismissed as to him.

I hold that the sections as amended are authority for the decree prayed for here. Submit decree accordingly on notice directing the respondent Harry A. Jaffe, Inc., to turn over to the petitioner the sum of $3,188.75, the balance now due to the estate.