In the Matter of the Estate of ORIN AKIN, Deceased. NETTE AKIN, Appellant; ARTHUR G. ATWOOD, as Administrator, Respondent.

**Decedent's estate — discovery — Surrogate's Court — jurisdiction — surrogate has jurisdiction, in discovery proceeding, to hear and determine every issue whether raised by answer or not.**

In a discovery proceeding the Surrogate's Court has jurisdiction to dispose of every claim to property which should be delivered to an executor, administrator or guardian. (Surr. Ct. Act, §§ 205, 206.) A contention, therefore, that the statute confers upon the surrogate the power to hear and determine an issue and make a decree accordingly only where the issue is raised by an answer which alleges title to or the right to possession of property involved in the inquiry, cannot be sustained.

*Matter of Akin*, 222 App. Div. 710, affirmed.

(Argued April 12, 1928; decided May 8, 1928.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the third judicial department, entered November 22, 1927, which unanimously affirmed a decree of the Rensselaer County Surrogate's Court directing payment to the administrator of Orin Akin, deceased, of discovered assets.

*Donald S. Taylor* for appellant. The Surrogate's Court was wholly without jurisdiction to order delivery to the petitioner of the property concerning which the inquiry was had. (*Matter of Hyams*, 237 N. Y. 211; *Matter of Walker*, 136 N. Y. 20; *Matter of Lowen*, 95 Misc. Rep. 421; 175 App. Div. 895; *Matter of Carney*, 119 Misc. Rep. 104; 206 App. Div. 734; *Matter of Fonda*, 201 App. Div. 780; *Matter of Beagan*, 112 Misc. Rep. 292; *Matter of Adler*, 107 Misc. Rep. 574; *Adler* v. *Levene*, 191 App. Div. 40; *Matter of Gick*, 113 App. Div. 16; *Matter of Mathewson*, 210 App. Div. 572.)

*H. P. Humphrey* for respondent. The amendment to the various sections of the Surrogate's Court Act in 1924

were intended to give the surrogate full power and authority to make a determination in any case in which it appears from the evidence that property is withheld from the estate. (*Matter of Fraley*, 221 N. Y. Supp. 461; *Matter of Coffer*, 200 N. Y. Supp. 906.)

LEHMAN, J. Orin Akin died on February 19th, 1927. Until February 15th, 1927, he maintained a deposit account in the National City Bank of Troy. On February 15th, 1927, Nette Akin, a son of the decedent, presented at the bank a draft or order, apparently signed by the decedent, for the payment of the entire fund on deposit. The bank honored the draft and the moneys were thereupon deposited in a new account which was opened by Nette Akin in his own name.

After the death of Orin Akin, an administrator was appointed who promptly began proceedings in accordance with section 205 of the Surrogate's Court Act to discover property withheld. The petition alleged that the moneys of the deposit account are " in the possession or under the control or within the knowledge or information of one Nette Akin." An order for an inquiry was made by the surrogate, and Nette Akin was directed to attend the inquiry " and be examined according to the prayer of the said Petition and show cause why he should not deliver the property set forth in the said Petition, if it is in his control, to the said Administrator."

Section 206 of the Surrogate's Court Act provides: " Trial and decree. If the person directed to appear submits an answer denying any knowledge concerning, or possession of, any property which belonged to the decedent, or any property of the estate, or shall make default in answer, he shall be sworn to answer truly all questions put to him touching the inquiry prayed for in the petition. If it appears that the petitioner is entitled to the possession of the property, the decree shall direct delivery thereof to him, or if the estate property

shall have been diverted or disposed of the decree may direct payment of the proceeds or value of such property or may impress a trust upon said proceeds or make any determination which a court of equity might decree in following trust property or funds. If such answer alleges title to or the right to possession of any property involved in the inquiry, the issue raised by such answer shall be heard and determined and a decree made accordingly."

Nette Akin made default in answer. He appeared at the inquiry with counsel and was examined under oath concerning the fund which had been deposited in the bank by the decedent. He claimed that the decedent had made a gift to him of the moneys deposited. The administrator disputed the claim. Witnesses were produced by each side and examined by opposing counsel. Upon the evidence so taken, a fair question of fact is presented as to whether the decedent before his death gave to Nette Akin, his son, the moneys on deposit. The surrogate resolved that question in favor of the administrator and directed payment of the proceeds of the account to him.

The decree of the surrogate is attacked upon the ground that the statute in express terms confers upon the surrogate the power in a discovery proceeding to hear and determine an issue, and to make a decree accordingly, only where the issue is raised by an answer which alleges title to or the right to possession of property involved in the inquiry. Assertion by formal answer of a claim to title is a condition precedent, it is said, to the surrogate's jurisdiction to hear and determine a disputed claim of title. Though even where no such answer has been interposed, the inquiry must proceed and " if it appears that the petitioner is entitled to the possession of the property the decree shall direct delivery thereof to him," the appellant urges that the surrogate may make such direction only if it appears that no claim of substance is made to the property. In other words, that where a person directed to appear at the inquiry has a substantial claim

to the property, he has the privilege of electing to try his title in the Surrogate's Court or elsewhere, and he does not elect trial in the Surrogate's Court unless he serves an answer setting up his adverse claim.

The language of the statute, especially if read in the light of its history, does not in our opinion so restrict the jurisdiction of the surrogate in discovery proceedings. " The right of an executor or administrator to compel discovery of the decedent's property is not a new one. It has a history recorded in legislation and decision. For many years the law was that in such a proceeding there could be no trial of title. If an opposing claim of title was put forward by sworn answer, the proceeding was dismissed. (*Matter of Walker*, 136 N. Y. 20, 29; *Matter of Gick*, 49 Misc. Rep. 32, and cases there cited.) An amendment of the statute in 1903 (Laws of 1903, chapter 526) empowered the surrogate to determine whether the adverse claim had a substantial basis. Unless he found it frivolous, he left the parties to an action. (*Matter of Gick*, 113 App. Div. 16, affg. 49 Misc. Rep. 32.) The last amendment in 1914 permits a trial of title. If necessary, a jury may be summoned. (Code Civ. Procedure, sec. 2538.) Delivery may then be decreed as the title may be found." (*Matter of Heinze*, 224 N. Y. 1.) The Legislature has expressly provided that even where no answer is submitted alleging title or right to possession of the property " if it appears that the petitioner is entitled to the possession of the property, the decree shall direct delivery thereof to him." The express grant of power to the surrogate to hear and determine the issue raised by an answer which " alleges title to or the right to possession of any property involved in the inquiry " shows a legislative intent that the surrogate should have jurisdiction to determine title to the property *in spite of* an assertion of adverse claim of title in an answer. It does not make such assertion a condition precedent to the surrogate's jurisdiction. The position of a wrongful

possessor is not more favorable upon default than it would be after answer.

In *Matter of Hyams* (237 N. Y. 211) this court pointed out that under the statute as it then existed, the jurisdiction of the surrogate in discovery proceedings is in terms limited to an inquiry and decree concerning " specific personal property which was owned by the decedent in his lifetime." The next year the Legislature amended sections 205 and 206 of the Surrogate's Court Act so as to remove even that limitation. (L. 1924, ch. 100.) If doubt as to the legislative intent had existed before, that amendment makes clear that in a discovery proceeding the Surrogate's Court has now jurisdiction to dispose of every claim to property which should be delivered to an executor, administrator or guardian.

The order should be affirmed, with costs.

Cardozo, Ch. J., Pound, Crane, Andrews, Kellogg and O'Brien, JJ., concur.

Order affirmed.