In the Matter of the Estate of DAVID KIRSCHENBAUM, Deceased.

Surrogate's Court, Bronx County, July 16, 1930.

*Murray Felenstein*, for the petitioner.

*Clarence C. Fowler*, for the respondent.

HENDERSON, S. This is a discovery proceeding brought by the administratrix *de bonis non* and directed to the Superintendent of Insurance of the State of New York. The State Insurance Department is liquidating the business of the Capital City Surety Company, a domestic insurance corporation, under an order of the Supreme Court of the State of New York. It is sought to have the Insurance Department deliver fifty shares of stock of the Public National Bank and Trust Company of New York, and five shares of stock of the Brooklyn Trust Company.

Mary Kirschenbaum, the widow of the decedent, was issued letters of administration in the estate herein on November 18, 1926. At the time of her appointment she filed an administration bond for the faithful performance of her duties as administratrix. Her surety, the Capital City Surety Company, retained joint control with Mary Kirschenbaum of the assets of the estate. The stock was purchased from such assets and held by the surety company. The Superintendent of Insurance came into possession of the shares of stock upon taking over liquidation of the company and admits possession of them.

On June 12, 1930, Mary Kirschenbaum was removed as administratrix of the estate, and on June 20, 1930, Bella Rosenberg, a daughter of the decedent, was appointed administratrix *de bonis non* and filed a bond.

It is urged by the respondent that this court has no jurisdiction to order the delivery of the shares of stock because they are not property which belonged to the deceased in his lifetime, but were purchased from the assets of the estate. Since the decision in *Matter of Hyams* (237 N. Y. 211), cited by the respondent, the statute has been amended, and this court now has such jurisdiction. (Surr. Ct. Act, §§ 205, 206; *Matter of Akin*, 248 N. Y. 202; *Matter of Wilson*, 252 id. 155; *Matter of Fraley*, 129 Misc. 803.)

It is further urged that the former administratrix has not accounted for her acts as such administratrix, that there may be some liability on the part of the surety company and that its liability should be fixed or the company discharged before the shares of stock are transferred to the administratrix *de bonis non*. The surety may require the former administratrix to account or it may account itself. The surety has no lien upon this stock so there is no reason for it to retain the property until its liability on the bond is fixed or it is discharged.

I hold that the stock above mentioned should be delivered by the Superintendent of Insurance to the administratrix *de bonis non*. Settle order accordingly.