## In the Matter of the Estate of ANNIE PICKARD, Deceased.

Surrogate's Court, Erie County, June 22, 1931.

*Charles F. Boine*, for the administrator.

*Desbecker, Fisk & Newcomb [Walter C. Newcomb* of counsel], for Katherine A. Mahoney and Nellie E. Kurtz.

HART, S. This proceeding was instituted by petition of the administrator of decedent's estate upon which an order was granted on or about April 23, 1931, directing an inquiry under section 205 of the Surrogate's Court Act, and directing Katherine A. Mahoney to appear and be examined, and to show cause why she should not deliver $5,248.26 to the petitioner, and for such further relief, legal or equitable, as might be proper under sections 40 and 206 of the Surrogate's Court Act. Miss Mahoney appeared and was examined by petitioner's counsel and by her own counsel on May 6, 1931, and at an adjourned hearing on May 27, 1931, the petitioner produced and examined the manager of the Riverside Branch of the Marine Trust Company as his witness, and also re-examined Miss Mahoney; and a hospital nurse was produced and examined by Miss Mahoney's counsel as to decedent's mental condition and as to her knowledge that she was about to die.

Then on May 29, 1931, the petitioner began an action in the Supreme Court against Miss Mahoney and Dr. Nellie E. Kurtz as defendants for the recovery of said sum of $5,248.26.

On June 3, 1931, the date of the adjourned hearing in this court, the petitioner's attorney stated that he wished to abandon this proceeding, and the said Dr. Nellie E. Kurtz appeared and submitted herself and her rights to the jurisdiction of this court.

Two questions are now raised; *first,* as to the jurisdiction of this court, and *second,* as to the right of the petitioner to a jury trial.

Since the amendment of 1924 to sections 205 and 206 of the Surrogate's Court Act, there can be no doubt that this court has jurisdiction to determine and dispose of every claim to property which should be delivered to an executor, administrator or guardian. (*Matter of Akin,* 248 N. Y. 202; *Matter of Wilson,* 252 id. 155.)

As to the right of the petitioner to abandon this proceeding and begin again in the Supreme Court, or to now demand a jury trial, it appeared before the close of the testimony taken on May 6, 1931, that Miss Mahoney claimed no personal interest in this $5,248.26, but that she had promised decedent to use some of it for masses and to pay the balance to Dr. Kurtz; and I am of the opinion that by proceeding with the examination of other witnesses at the subsequent hearing on May 27, 1931, the petitioner waived his right to a jury trial, and that as this court now has jurisdiction of the subject-matter and of all of the parties in interest this proceeding should continue to a conclusion in the manner in which the petitioner started it.