In the Matter of the Estate of ABE EPSTEIN, Deceased.

Surrogate's Court, New York County, June 7, 1933.

*Joseph Dannenberg*, for the petitioner.

*Martin H. Young*, for the respondent.

DELEHANTY, S. In this discovery proceeding, petitioner seeks an order directing respondent corporation to turn over to her a sum

of money alleged to be due the estate. Respondent corporation has filed an answer denying there is any money due petitioner and setting up counterclaims (a) for money alleged to be due it by virtue of an assignment from subsidiary corporations of an alleged debt of the decedent, and (b) for money alleged to be due under a contract between decedent and respondent. The answer also challenges the jurisdiction of this court to direct by summary order the collection of a debt alleged to have been due decedent. From the papers submitted it is apparent that the rights and liabilities of the parties are based upon express or implied contracts between the decedent, respondent and others. While the jurisdiction of this court in discovery proceedings has been broadened by recent amendments to the Surrogate's Court Act, it is not so comprehensive as to authorize the adjudication of contractual rights and liabilities and the enforcement of collection of debts arising thereunder. As is stated in *Matter of Thomas* (235 App. Div. 450, at p. 454): " These provisions [the amendments to the Surrogate's Court Act] do not indicate an intent of the Legislature to vest in Surrogates' Courts jurisdiction of actions at law for the recovery of common debts or to enforce ordinary contract obligations. An action to establish a debt must still be brought in the common-law forums where the evidence may be presented by testimony taken in open court."

The rights and liabilities of the parties here depend upon decedent's contracts of employment with respondent and Gay Dress Corporation and the circumstances surrounding the creation and liquidation of Abe Epstein Dress Corporation. All these questions may best be adjudicated in an appropriate action in another court. This proceeding will, therefore, be dismissed without prejudice to the rights of the parties in any other action or proceeding. (*Matter of Thomas, supra; Matter of Campbell*, 145 Misc. 389.)

Submit order on notice accordingly.