In the Matter of the Estate of ANNA A. BARTHOLD, Deceased.

Surrogate's Court, Kings County, June 22, 1939.

*David G. Stember*, for the petitioner.

*Arthur De Matteis*, for the executor, respondent.

WINGATE, S.   The present petition seeks an order restraining the executor from delivering a savings bank book standing in the name of the decedent " in trust for " a named person to the purported *cestui que trust* of the alleged Totten trust; and further to compel him to withdraw the money from the account and to deposit it in an account in his name as executor.

The petition is made by the substituted committee for the husband of the testatrix who asserts that she has " duly " elected on his behalf to take in intestacy pursuant to the provisions of section 18 of the Decedent Estate Law although the time and manner of her procurance of the authorization in this regard required by subdivision 6 of section 18 is not expressly averred.

Neither the bank nor the purported *cestui que trust* have been made parties to the present proceeding.

The theory underlying the relief which is here sought is derived from the application of *Newman* v. *Dore* (275 N. Y. 371) as developed by Mr. Justice ROSENMAN in *Murray* v. *Brooklyn Savings Bank* (169 Misc. 1014).

Without in any wise entering into a consideration of the merits of the petitioner's cause of action, it is obvious that she has mistaken the forum in which her relief should be sought.   The real contro-

versy lies between the estate, accelerated by the petitioner, on the one hand, and the named beneficiary of the Totten trust on the other, and could therefore not be determined without the participation of the latter.

Were this the only defect, it might be capable of remedy by a direction that the named beneficiary be made a party to the present proceeding. The difficulty, however, lies deeper by reason of the fact that the relationship of the bank to either of the rival claimants is merely that of debtor. (*Matter of Kruger*, 139 Misc. 907, 910 and authorities cited.) This court possesses no authority to adjudicate a controversy for the collection of an ordinary debt (*Matter of Lusher*, 159 Misc. 387, 388, and authorities cited), wherefore a victory which either party in interest might gain in this court would be purely illusory as its result would not be binding upon the bank, and in any litigation involving the proceeds of the account, which must be conducted in a court of general jurisdiction, the decision of this court would be nugatory so far as it was concerned.

The theory of *Newman* v. *Dore* and similar cases in which acts in fraud of the elective rights of the spouse have been litigated is not that the transfer of assets has not been made by the decedent in his lifetime but that by reason of the composite demonstration, such transfer was void as in fraud of the rights of the surviving spouse. The litigation of such issues respecting *inter vivos* transactions is, in the vast majority of instances, not a proper matter for adjudication in Surrogates' Courts (*Matter of Bradford*, 159 Misc. 482, 485), since it is merely an effort to invalidate a transfer actually made between living persons by the application of equitable principles.

The considerations present in the present case are in certain aspects closely analogous to those reviewed in *Matter of Lusher* (159 Misc. 387) and since this court would lack authority to accord complete relief even though the two missing parties were before it, it will not attempt adjudication of the matter at all.

It might, of course, restrain the executor from surrender of the bank book pending the determination of the controversy elsewhere, but by reason of the absence from the record of the adverse claimant, would deem such action improper especially since the executor is now placed on notice that any such act on his part might well result in his personal surcharge for the amount of the account were it subsequently to be determined that the attempted transfer by the decedent was in fraud of the rights of the surviving spouse.

It follows that the petition will be denied in its entirety, of course, without prejudice to the institution of such action in a court of general jurisdiction as the petitioner may be advised.

Enter decree on notice in conformity herewith.