## In the Matter of the Estate of RUTH B. STEWART, Deceased.

Surrogate's Court, Westchester County, July 11, 1939.

*Thomas L. Zimmerman*, for Harold M. Davison, petitioner.

*Roger Sherman*, special guardian.

MILLARD, S. According to the petition, the decedent and her husband on or about May 21, 1938, entered into a separation agreement which, among other things, contained a provision affecting certain premises theretofore occupied by them as a home in the village of Rye, N. Y., and owned by them as tenants by the entirety. Said agreement further provided that said property was to be conveyed by the decedent and her husband, by a deed of trust in form satisfactory to the decedent herein, to an " Arbitration Committee " comprised of Alvah E. Davison, Harold M. Davison and Percy Merritt Stewart, as trustees. Under the proposed deed of trust, said property was to be held and disposed of by the trustees for the benefit of the parties and their children in accordance with the provisions of the separation agreement.

It is alleged that thereafter and on or about May 24, 1938, a final decree of divorce was obtained by the decedent against her said husband in the Circuit Court for the Eleventh Judicial District in and for Dade county, Florida. Thereafter and on or about November 22, 1938, the decedent died leaving a will which was duly admitted to probate in this court on January 19, 1939, in which Harold M. Davison and Alvah E. Davison were appointed as executors. They duly qualified and this petition is made by Harold E. Davison, one of said executors. At the time of the death of this decedent, no deed of trust conveying the property mentioned in said separation agreement had been presented to her for execution or for her approval. Her will makes no mention of said agreement or to the property referred to therein. Under the terms of the will of the decedent, after making certain monetary bequests, the residue of her estate is given in trust for the benefit of her surviving children. The property which is the subject of the instant proceeding is now vacant. There is no information before the court as to the value of the property, but it does appear that a portion of the property is subject to a mortgage of $11,000. Counsel, in his brief, asserts that this proceeding is brought to adjust a controversy between the executors of the estate of this decedent and the so-called " Arbitration Committee " pursuant to section 19 of the Decedent Estate Law. I am of the opinion that the section above referred to is not applicable to the present alleged controversy. In reality it appears to be an attempt on the part of the former husband of this decedent to secure the approval of an

executory contract entered into between him and the decedent. In effect the proceeding requires a determination as to the validity of the separation agreement which this court has no power to determine as it involves contractual rights and liabilities. (*Matter of Thomas*, 235 App. Div. 450, 454; *Matter of Epstein*, 148 Misc. 341.) It also involves an inquiry into the validity of the Florida divorce, the facts concerning which are not now before the court. If it could be held that there was a valid divorce existing between the parties, their respective interests in the property in question would be changed to that of tenants in common. (Civ. Prac. Act, § 1156.)

In view of the fact that the portion of the contract between husband and wife dealing with the real estate in question was never fully consummated, a question arises as to its enforcibility at this time. In any event, for the reasons stated, I am of the opinion that this court is without jurisdiction to grant the relief requested in this application.

Application denied. Settle order.