In the Matter of the Probate of the Will of JOHN P. CRINIGAN, Deceased. LORETTA COFFEY et al., as Executors, Appellants; GEORGE W. HERZ, as Special Guardian, Respondent.— Decree of the Surrogate's Court of Queens County modified on the law and the facts by striking from the decretal paragraph thereof the words and figures "Four hundred ($400.00) Dollars" and inserting in lieu thereof the words and figures "Two hundred ($200.00) Dollars". As so modified, the decree, insofar as appealed from, is unanimously affirmed, without costs. In our opinion the compensation awarded to the special guardian is excessive. Present — Hagarty, Acting P. J., Johnston, Adel, Taylor and Lewis, JJ.

In the Matter of the Estate of MARY A. KENNY, Deceased. JAMES M. KENNY, as Administrator, Respondent; MARY E. CAFFREY, Appellant.— Appeal by Mary E. Caffrey from a decree of the Surrogate's Court, Kings County, which adjudged that the said Mary E. Caffrey possessed the sum of $466 in cash which was an asset of the estate .of Mary A. Kenny, deceased; and directed delivery of said sum to the respondent, as administrator of the goods, chattels and credits of the deceased. The petition and order for examination were made pursuant to section 205 of the Surrogate's Court Act; and the order provided that the said Mary E. Caffrey should show cause why she should not be directed, pursuant to sections 40 and 206 of the Surrogate's Court Act, to deliver the property of the decedent to the respondent. The appellant defaulted in her answer to the petition. It is not necessary that an issue of title be raised, and the fact that the appellant claimed neither title nor right of possession, but denied at the hearing held before the Surrogate that she was or ever had been possessed of the money of the decedent, does not deprive the Surrogate's Court of jurisdiction to direct that the property of the decedent be delivered to the administrator. (Surrogate's Ct. Act, § 40, subd. 4, § 206; *Matter of Akin,* 248 N. Y. 202.) The testimony presented a question of fact. The Surrogate, who had the opportunity of seeing the witnesses and judging their credibility, decided in favor of the respondent and there is no occasion for this court to disturb his finding. Decree unanimously affirmed, with costs to the respondent. Present — Close, P. J., Hagarty, Carswell, Adel and Lewis, JJ.

In the Matter of the Probate of the Will of MARY MINIHANE, Deceased. NAN LAKE et al., Appellants; GENEVIEVE O'MALLEY et al., Respondents.— Order of the Queens County Surrogate's Court granting respondents' motion to examine appellants before trial, affirmed, with ten dollars costs and disbursements to respondents, payable out of the estate, the examination to proceed on five days' notice. No opinion. Close, P. J., Carswell, Johnston, Taylor and Lewis, JJ., concur.

In the Matter of the Accounting of HARRY C. LANDWEHR et al., as Executors of GUSTAVE R. STEIN, Deceased, Respondents. GEORGE M. GEISZLER, Appellant.— Appeal from a decree of the Surrogate's Court of the County of Queens insofar as it rejects the claim of the appellant against the estate of the deceased and disallows his objections to the account of the executors. The appellant claimed that he had rendered certain services to the decedent during his lifetime and that the decedent had agreed to pay him therefor; and he asked to be paid the reasonable value of the services rendered. The preponderance of the evidence indicates that the decedent merely expressed an intention to make a gift. The claimant may have been disappointed in his expectations but he has failed to prove any binding obligation against the estate. (*Frankenberger* v. *Schneller,* 258 N. Y. 270.) The decree, insofar as appealed from, is unanimously affirmed, with costs. Present — Close, P. J., Hagarty, Carswell, Adel and Lewis, JJ.