John D. Bennett, S.
In this discovery proceeding brought pursuant to. sections 205 and 206 of the-Surrogate’s Court Act, it was established at a hearing that the respondent is a stamp dealer and that the decedent placed with him for sale certain stamps. On April 13,1954 the respondent wrote to the decedent as follows: “I am enclosing herewith a marked copy of my auction catalogue of March 30 and 31st showing the results of my auction sale. Alongside each lot is the price realized and those lots marked with an ‘X’ remain unsold. I am keeping these unsold lots in my office pending instructions from you as they could be entered in my auction sale of this coming Fall. The gross amount of these lots is $5628.25 from which amount I am deducting my commission of 20% or $1125.65, leaving a net amount due you of $4502.60.”
Testimony taken during the inquisitorial stage of this proceeding accounted for the proceeds of the sale except for a sum of $500 and an uncollected check in the sum of $374.60 which remains in the hands of the executrix. The respondent takes the position that the subject matter of the proceeding is the recovery of an alleged “ debt ” and that the remedy of the executrix is a plenary suit. The respondent further asserts that he has no property belonging to the estate. In effect he urges that the Surrogate’s Court does not have jurisdiction of the subject matter of the proceeding.
It would appear that the respondent’s position is not well taken. In Matter of Fraley (129 Misc. 803) the executor in a discovery proceeding sought “ to recover the proceeds of the sale of personal property belonging to the estate of the decedent. which he placed with the respondents for appraisal and sale ” and which personal property was sold by one of the respondents. The court said at page 804: “ The proceeding may now be brought for the proceeds of the sale or the value of the personal property which had been disposed of by the respondent. The evidence in this proceeding discloses the illegal withholding of the proceeds of the sale of property belonging to the estate by the corporation respondent.” Matter of Fraley was cited with approval in Matter of Trevor (309 N. Y. 389, 392). There the court said: “While the statute speaks in broad and unqualified terms of ‘ money or other personal property, or the proceeds or value thereof ’, the decisions interpreting that language disclose that it was not the intention of the Legislature that all estate claims were to be adjusted by way of a discovery proceeding. The purpose of such a proceeding in the Surrogate’s Court is to obtain the possession of specific personal property or money which belongs to the estate, *1036 or the value of the proceeds thereof in the event of the disposal of the specific property, and which is in the possession, under the control or within the knowledge or information of the person withholding it (see Matter of Ehrlich, 126 Misc. 673; Matter of Sichel, 162 Misc. 2, and Matter of Wilson, 252 N. Y. 155,157). As was pointed out by Surrogate Wingate in Matter of Lusher (159 Misc. 387, 389): ‘ The line of demarkation between the instances in which the court has jurisdiction and those in which it has not, is wholly unmistakable. If the genesis of the obligation of the respondent was predicated on the possession of an asset, jurisdiction inheres. If it was based merely on a general claim against him, purely in personam, it does not.’ Thus property concerning which discovery has been held a proper remedy for recovery includes, among others, shares of stock, insurance policy proceeds, papers relating to financial affairs of deceased and other documents, death benefit from a labor organization, interest in a mortgage, a deposit of foreign money, secret commissions, money of a client held in trust by attorney, proceeds of sale of personal property, [citing Matter of Fraley, 129 Misc. 802] and securities or money commingled with trust funds.” (Italics supplied.) (Cf. Matter of Patenotre, 153 N. Y. S. 2d 374; Matter of Kadar, 3 Misc 2d 479; 3 Warren’s Heaton Surrogates’ Courts [6th ed.], § 236, par. 8.) The language in the cited cases would indicate that the respondent must account for the balance of the proceeds of the property entrusted to him by the decedent for sale, which sale was admittedly made and proceeds admittedly received.
The respondent may file an answer within 10 days from the date of service of the order to be signed hereon.
Submit order on notice.