Joseph A. Cox, S.
This discovery proceeding was instituted by the administrator of the decedent’s estate under the provisions of sections 205 and 206 of the Surrogate’s Court Act to discover and recover property allegedly belonging to the decedent’s estate. The decedent during her lifetime was better known as Billie Holiday, a singer and composer. On the return date of the discovery order the respondent appeared and submitted to an examination concerning the property allegedly withheld from the decedent’s estate. The inquiry was adjourned from time to time and the respondent during the course of the inquiry, at the request of the petitioner, furnished the said petitioner with many material documents and records concerning its business relationship with the decedent. The respondent, as this point, is disinclined to submit to further inquiry or to furnish any additional information beyond that already provided to the petitioner.
As a result, the petitioner has submitted an affidavit requesting the court to direct the respondent to produce additional business records and supply additional information with respect to the property allegedly belonging to the estate. In opposition thereto the respondent requests the court to terminate the proceeding and it has submitted an affidavit which, briefly summarized, states that the respondent has furnished to the petitioner all the information that the petitioner is entitled to in this proceeding, that the additional information sought by the petitioner goes far beyond the scope of proper inquiry permissible in a discovery proceeding and that the information sought encompasses a possible debt or contractual liability not recoverable in a discovery proceeding. A formal motion is not pending before the court and the court will consider the affidavit and reply affidavit submitted by the petitioner and the answering affidavit submitted by the respondent as arguments for and against the requested rulings as to the continuance of the inquiry.
In Matter of Hyams (237 N. Y. 211) it was said that a discovery proceeding, in its primary stage, is inquisitorial and must be confined to the finding and recovery of property owned by the decedent during his lifetime. An examination of the testimony adduced in the inquiry conducted thus far reveals that the property sought to be discovered consists of moneys *299 and property which may or may not be due to the decedent under contracts entered into between the respondent and the decedent during her lifetime. The affidavits of the petitioner’s attorney submitted in furtherance of the request for additional information establish that such information pertains to sales documents, audited accounts, contracts for foreign release, records of moneys paid to publishers, an itemized account of the time spent by the decedent in the making of her recordings pursuant to her contract with the respondent, and much other information concerning the actions of the respondent in the performance of its contracts with the decedent.
This court stated in Matter of Parker (N. Y. L. J., Nov. 10, 1961, p. 16, col. 1): “ The court recognizes that the discovery process is not a means of collecting a contract debt or of enforcing any contract liability and also the court is well aware of the holdings that the discovery proceeding may not be employed as a method of obtaining evidence for use in another forum ”. The inquiry thus far conducted and the request for additional information plainly reveal that the inquiry has been concerned with purported obligations under contracts and that it is petitioner’s purpose to continue the inquiry along the same line. The inquiry thus far conducted has already gone far beyond the scope permissible in a discovery proceeding and a further inquiry of this nature will not be allowed.
The informal request of the respondent to terminate the discovery proceeding must be denied. Although the inquisitorial stage of the proceeding is held to be concluded, the petitioner cannot be denied the opportunity of moving to compel the turnover of such money or property in the possession of the respondent which the said petitioner believes is the property of the decedent’s estate and which is not due under a contract. The final disposition of the proceeding must await the making of an application to compel the respondent to turn over money or property allegedly belonging to the decedent’s estate.