In the Matter of the Application of WILLIAM V. HUDSON, as Executor, etc., of WILLIAM BRAZIL, Also Known as WILLIAM BRAZILLE, Deceased, for a Construction of the Will of Said Decedent.

THE BOWERY SAVINGS BANK and MARY McDONALD, Appellants; WILLIAM V. HUDSON, as Executor, and Others, Respondents.

First Department, March 4, 1927.

Surrogate's Court — jurisdiction — construction of will — decedent deposited money in bank in trust and thereafter bequeathed said deposit to third person — relation of decedent and bank was that of debtor and creditor — surrogate did not have power under Surrogate's Court Act, §§ 40, 205 and 206, to direct bank to pay deposit to executor — said deposit was not property or proceeds of property of decedent — witnesses — husband of claimant to alleged trust was not incompetent, under Civil Practice Act, § 347, to testify to conversation with decedent in presence of claimant.

The Surrogate's Court does not have power under Surrogate's Court Act, sections 40, 205 and 206, in proceedings to construe a will, to make a decree requiring the bank in which the decedent has deposited money in two accounts in trust for two people, to pay the sum over to the executor after finding that the trust was never completed and that the money should pass to a third person to whom it was bequeathed by the testator. The relation between the bank and the decedent was that of debtor and creditor and the bank did not hold any property of the decedent or the proceeds of any property, but simply was indebted to the decedent for the amount deposited.

The husband of one of the claimants to the alleged trust was not incompetent under section 347 of the Civil Practice Act to testify to a conversation with the decedent in the presence of the claimant with respect to the bank books. While the husband was an interested witness he was not interested in the event within the meaning of that section.

APPEAL by Mary McDonald from a decree of the Surrogate's Court of the county of New York, entered in the office of said Surrogate's Court on the 26th day of May, 1926, construing the 4th paragraph of the will of William Brazil, deceased.

Appeal by the Bowery Savings Bank from so much of said decree

as directs it to pay over to the executor certain moneys deposited by the testator.

*Samuel F. Swinburne*, for the appellant Mary McDonald.

*Thomas C. Larkin* of counsel [*Henry N. Steinert* with him on the brief; *Knox & Deignan*, attorneys], for the appellant The Bowery Savings Bank.

*Irwin M. Berliner* of counsel [*Olvany, Eisner & Donnelly*, attorneys], for William V. Hudson, as executor, etc., respondent.

*George C. Winne*, for Mary Abbott Hanley, respondent.

·PROSKAUER, J. The testator, William Brazil, in his lifetime opened one savings bank account in the Bowery Savings Bank in trust for Mary McDonald and another in trust for John A. Handley. By his will he bequeathed his deposits in the Bowery Savings Bank to Mary Abbott Hanley. After his death Mary McDonald asserted a claim against the bank for the deposit standing in trust for her; Handley did not assert a claim. The executor thereupon filed a petition in the Surrogate's Court for the construction of the will. Though the Bowery Savings Bank was cited in this proceeding, the petition asked no relief against it. After a hearing the surrogate decided that the deposits were revocable trusts, revoked by the will (127 Misc. 288), and by his decree directed the Bowery Savings Bank to pay over the moneys to the executor, who, in turn, was directed to pay them over to Mary Abbott Hanley. The appellant Bowery Savings Bank challenges the power of the surrogate to make this decree.

Prior to 1914 the surrogate had no power whatever to try title to property. Under the 1914 amendment to section 2675 of the Code of Civil Procedure (Laws of 1914, chap. 443, now Surrogate's Court Act, § 205), that power was given; but in 1923 it was decided in *Matter of Hyams* (237 N. Y. 211) that the surrogate's power was " confined exclusively to property owned by the deceased in his lifetime and it does not relate or apply to any other property " and that the surrogate could not try title to property not owned by the testator which was the proceeds of property owned by the testator during his lifetime. Thereupon, by chapter 100 of the Laws of 1924, the Legislature amended sections 40, 205 and 206 of the Surrogate's Court Act. The amendment to section 205 added to the pre-existing right of the executor to secure discovery of property of the decedent a similar right with respect to " the proceeds or value thereof." The amendment to section 206 authorized the surrogate to make a decree for the turning over of

" any property of the estate " and also, " if the estate shall have been diverted or disposed of, the decree may direct payment of the pro- eeds or value of such property, or may impress a trust upon said proceeds or make any determination which a court of equity might decree in following trust property or funds."

The surrogate, however, was given no power to direct judgment for any debt due to the estate. If the Bowery Savings Bank held any property of the decedent, or any property which was the proceeds of property of the decedent, the surrogate had juris- diction to direct its delivery. But the bank had no such property. It was merely decedent's debtor. The debt is itself property of the estate; but the bank's liability is predicated merely upon the relationship of debtor and creditor and not upon its possession of any property. The decree against the bank is, therefore, erroneous.

With respect to the appeal of Mary McDonald, the proceeding was tried by the surrogate and all parties upon the principle of law that the deposit of money in a savings bank in trust for a named beneficiary " is a tentative trust merely, revocable at will, until the depositor dies or completes the gift in his lifetime by some unequivocal act or declaration, such as delivery of the pass book or notice to the beneficiary." (*Walsh* v. *Emigrant Industrial Sav. Bank,* 106 Misc. 628; affd., 192 App. Div. 908; 233 N. Y. 512; *Matter of Totten,* 179 id. 112, 126.) The claimant, Mary McDonald, sought to elicit from her husband as a witness a conversation with the dece- dent in her presence with respect to the bank books. His testimony was excluded solely on the ground that the witness was incom- petent under section 347 of the Civil Practice Act. This ruling was erroneous. While McDonald was an interested witness, he was not interested in the event within the meaning of that section. (*Matter of McMillan,* 218 N. Y. 64, 68; *Ennis* v. *Chichester,* 187 App. Div. 53, 72.)

The decree should, therefore, be reversed and the proceeding remitted to the surrogate for rehearing in accordance with this opinion, with costs to the appellants to abide the event.

DOWLING, P. J., MERRELL, MARTIN and O'MALLEY, JJ., concur.

Decree reversed and a new trial ordered, with costs to the appel- lants to abide the event, and the proceeding remitted to the Surro- gate's Court for further action in accordance with opinion.