n the Matter of the Application for Examination Pursuant to Section 205 of the Surrogate's Court Act in the Estate of SAMUEL BAWER, Deceased.

Surrogate's Court, Bronx County, July 9, 1928.

Discovery — proceedings to discover property of decedent — evidence shows that respondent sold skins to decedent and repurchased them — upon repurchase, skins became property of respondent — collection of debt cannot be had under Surrogate's Court Act, § 206 — if there is anything due estate, legal action must be instituted.

The respondent, in this proceeding to discover property of the decedent, alleged as a defense that he sold certain skins to the decedent and that subsequently the decedent resold the skins to him and that he credited the amount of the resale on the decedent's account. The evidence justifies the conclusion that a resale was made to the respondent. Therefore, while the respondent may owe money to the decedent's estate, in this proceeding instituted under section 206 of the Surrogate's Court Act, the debt cannot be collected, for the purpose of this proceeding is to recover property belonging to the decedent and not to collect debts.

If the estate has any claim against the respondent, it must proceed by a legal action.

DISCOVERY proceedings.

*George V. Grainger,* for the petitioner.

*Stephen Brooks-Rosenthal,* for the respondent.

SCHULZ, S. This proceeding was brought under section 205 of the Surrogate's Court Act (as amd. by Laws of 1924, chap. 100) to recover from the respondent certain property of the decedent, a furrier, consisting of 2,800 black rat skins which he had bought from the respondent and had left with him in cold storage.

The respondent answered that the sale was made upon the understanding and condition that the skins should remain in the possession of the respondent, and that the decedent should not be entitled to receive the same until all of the notes which had been given therefor were paid or secured by satisfactory collateral; that subsequent to the purchase above stated, the decedent sold the skins back to him for the sum of $8,100 and that the former was to be credited with this amount and any additional sum which might be realized upon a resale thereof by the respondent; that the latter sold them for $8,100, and that after giving the decedent credit for such amount, there remained due him on a general account existing between him and the decedent, the sum of $1,726.62 exclusive of a contingent claim for $1,350. For a separate defense he alleged that the decedent became insolvent while the skins were still in

the respondent's possession and that he thereupon became entitled to retain the same under the statute (Pers. Prop. Law, § 135, as added by Laws of 1911, chap. 571), and that he thereafter sold them for $8,100, and has credited the decedent therefor upon the general account referred to.

The evidence before me warrants the conclusion that a resale to the respondent was made as alleged in the answer and it is not disputed that the respondent thereafter sold the skins for the amount stated. The question, therefore, is whether, by virtue of section 206 of the Surrogate's Court Act (as amd. by Laws of 1924, chap. 100), the court, under these circumstances, has power to direct the payment over to the estate of the proceeds of the sale, in which event the respondent would receive only a *pro rata* share of his claim, the estate being insolvent.

I have heretofore had occasion to consider the history of the statute in question and the jurisdiction conferred upon the surrogate thereby (*Matter of Brennan*, 129 Misc. 283), and, therefore, I will not discuss the same again. When the skins were sold by the decedent to the respondent, they ceased to be the property of the decedent, and the respondent became the debtor of the decedent for the purchase price thereof, and as these proceedings are to recover property of the decedent or of the estate or the proceeds of the sale of such property and not for the collection of debts, I am of the opinion that the relief sought cannot be granted in this proceeding. (*Matter of Brazil*, 219 App. Div. 594; *Matter of White*, 119 id. 140; *Matter of Appel*, 115 Misc. 118; *Matter of Seaman*, 120 id. 531.)

After the sale by the respondent to the decedent, there had been paid by the latter the sum of $3,500 upon the original sale price thereof, leaving a balance due to the respondent of $6,160. When the latter purchased the skins from the decedent for $8,100, he was entitled to this credit, leaving a balance of $1,940 due by him to the decedent on this particular transaction. He claims, however, to be entitled to a setoff upon a general account which he alleges existed between them. If there is anything due to the estate by reason of such sale, and legal action is necessary to recover it, recourse must be had to another court which has jurisdiction to adjudicate such a cause of action and any counterclaims or setoffs which may exist thereto.

In view of the conclusions I have reached as to the first defense, it is unnecessary to consider the question as to what rights accrued to the respondent under section 135 of the Personal Property Law, although the evidence would indicate an insolvency as alleged.

The proceeding is dismissed for the reasons above stated.