In the Matter of the Application of THERESA McCORMACK, as One of the Executrices, etc., of MARY FAULKNER, Deceased, to Discover Certain Property of Said Deceased, Claimed to Be Withheld.

Surrogate's Court, Bronx County, June 21, 1929.

*Lerner & Gross,* for the petitioner.

SCHULZ, S.   It appears that the decedent left an account in a savings bank in her name in trust for her daughter, and in form as follows: " Mary Faulkner in trust for Louise M. Faulkner." Thereafter she died leaving a last will and testament by which she attempted to dispose of the moneys on deposit in the account in question.   One of the executrices of her will brings this discovery proceeding against the bank and asks for an order directing the latter to deliver the amount of the deposit to her.   The pass book is in the possession of the petitioner.

The law as to the effect of a bank deposit in the form stated is set forth in *Matter of Totten* (179 N. Y. 112, 125).   It was there held that such a deposit standing alone does not establish an irrevocable trust during the lifetime of the depositor, but is a tentative trust revocable at will until the depositor dies or completes the gift in his lifetime by some unequivocal act or declaration, such as the delivery of the pass book or notice to the beneficiary. *Matter of Totten* has been cited with approval in many cases, among the latest of which are *Matthews* v. *Brooklyn Savings Bank* (208 N. Y. 508); *Morris* v. *Sheehan* (234 id. 366, 368); *Whiting* v. *Hudson Trust Co.* (Id. 394, 403); *Matter of Brazil* (219 App. Div. 594).

It is contended that the execution of the will, by which she

attempted to make a disposition of the moneys in the account, deprived her daughter of any interest in such account which she otherwise would have had by reason of its form, and there is authority for that contention. (*Walsh* v. *Emigrant Industrial Savings Bank*, 106 Misc. 628; affd., no opinion, 192 App. Div. 908; affd., no opinion, 233 N. Y. 512; *Morris* v. *Sheehan, supra.*) However, the relief which the petitioner asks cannot be granted for two reasons.

The rights of the daughter who is named as the *cestui que trust* in the bank account would be seriously affected by an order directing delivery. She is entitled to an opportunity to be heard upon the question as to whether or not the tentative, revocable trust was changed by a completion of the gift in the decedent's lifetime by some unequivocal act or declaration, such as the delivery of the pass book or notice to the beneficiary. The daughter, however, is not a party to the proceeding, and hence I have no jurisdiction to determine her rights.

Even if she were a party, however, the relief asked for could not be granted in a proceeding of this character. It is well settled that a deposit in a savings bank creates the relation of debtor and creditor, and that a debt cannot be collected through the medium of a discovery proceeding. (*Matter of Brazil, supra; Matter of Bawer*, 132 Misc. 568; affd., 226 App. Div. ——, and cases cited.) In *Matter of Beagan* (112 Misc. 292), cited by the petitioner and which was decided in this court, the respondent was not a bank but an individual, the relation of debtor and creditor did not exist, and no order was asked as against the bank, nor was the latter a party to the proceeding.

The application is, therefore, denied and the proceeding dismissed without prejudice to the rights of the executrices to proceed in a different manner and forum to enforce their rights, if any, to the funds in question.

Submit order accordingly.