In the Matter of the Estate of WILLIAM H. AUSTIN, Deceased.

Surrogate's Court, New York County, November 23, 1933.

*Benjamin Horwitz*, for the petitioner The Great American Indemnity Company.

*Sarafite & Naftalison [Joseph A. Sarafite and Louis J. Naftalison* of counsel], individually and as attorneys for Mary E. Odell, administratrix, and Globe Indemnity Company.

*George B. Class*, individually and as attorney for Amy B. Austin.

DELEHANTY, S. By decree dated June 27, 1932, the assets of this estate were distributed. The net sum distributed included a sum of $2,004.05 which was understood at the time of its receipt by the administratrix to be a balance due the deceased on an account in a savings bank. During the course of administration demand was made upon the bank for payment of this balance and, because of some question respecting the right of administratrix to demand

it, the bank exacted a so-called "lost instrument" bond because administratrix was not possessed of the bank book representing the account.

After the estate was administered the true owner of the bank account in question presented his pass book to the bank and demanded payment. Following an inquiry, which established to the satisfaction of the bank and the surety company on the bond that the claimant was the real owner of the deposit, payment was made to him by the bank and the bank was reimbursed by the surety company. The latter now comes to this court and asks to have the proceedings reopened and to have the administratrix surcharged with the amount so received by her from the savings bank and included in the amount distributed.

No attack is made upon the good faith of the administratrix. It is apparently assumed that everything that was done in respect of the account was done under an honest mistake of fact. The fund is no longer in the custody of the administratrix. It has passed out of her charge pursuant to the terms of a decree, and in the fractional interests determined by the decree the money is now possessed by various parties who have been cited upon this proceeding.

The case presents a question of jurisdiction. In the execution of the "lost instrument" bond the surety company entered into a contractual relation with the savings bank on the one part and presumably with the administratrix on the other. The legal effect of what has transpired is that various persons have been unjustly enriched at the expense of the surety company and there have arisen in favor of the surety company various quasi contractual obligations to repay to it the respective sums received by those who have benefited. Nothing warrants action by this court respecting its decree. The various claims of the surety company are enforcible in appropriate tribunals having jurisdiction of similar civil controversies. This court has been held to be without power to enforce liabilities of the sort arising here. (*Matter of Brazil*, 219 App. Div. 594; *Matter of Thomas*, 235 id. 450; *Matter of Hammer*, 237 id. 497.)

The application must be denied without prejudice to any action at law which petitioner may be advised to take against any distributee under the decree of this court.

Submit on notice order accordingly.