In the Matter of the Estate of MIKKEL OSTROW, Deceased.

Surrogate's Court, New York County, April 9, 1937.

*Bernstein, Weiss & Tomson* [*Bernard Tomson* of counsel], for the petitioner.

*Sol H. Sleppin,* for the respondent.

DELEHANTY, S. Respondent here was attorney for deceased and in his behalf collected $8,000 as the proceeds of an action to recover for personal injuries to deceased. Respondent professes to have completely accounted for the fund in accordance with his retainer. The question presented is whether or not he still holds any funds of deceased.

Challenge is made by respondent to the court's jurisdiction. That jurisdiction is sustained by *Matter of Wilson* (252 N. Y. 155). The money here reached respondent's possession as the money of a client held in trust. Respondent was entitled to have out of it only his own agreed compensation. As to all the rest of it he was obliged to remit it to deceased or to expend it only on order of deceased and only for purposes authorized by deceased. Deceased could neither read, write nor speak English. At no time was there any accounting had with deceased by respondent as required by rule IV (B) of the rules of the Appellate Division, First Department. The court holds affirmatively that deceased did not execute and deliver the instrument offered in evidence as a release. The testimony to support that alleged release is not credited by the court. The release would not bar recovery since no consideration supports it.

The determination here made is made on the basis of assuming the validity of the contract of retainer and of assuming the validity of all of the transactions made by deceased under the advice of respondent with counsel who formerly represented deceased. Indulging in these assumptions and on that basis taking the expenditures at the amounts stated by respondent and crediting him with all of them, the court finds as a fact that there was on July 5, 1934, in the hands of respondent the sum of $247.38 belonging to deceased. The court holds (again on the assumption that the agreements between deceased and his respective counsel are valid) there was deductible from the gross amount received direct trial expenses of $450, leaving a balance of $7,550 as the base upon which the retainer of respondent was to operate. The court assumes (only for the purposes of this case) that one-half of this sum, or $3,775, was applicable to respondent's compensation, less sixty per cent of the moneys reaching the former attorney. Those moneys aggregated $1,870, and so, pursuant to the retainer upon which respondent stands, there

was deductible $1,122, leaving a net sum of $2,653 which, as a maximum, was payable to respondent under his retainer even if it be held valid. Respondent conceded that he retained $2,900.38. That amount is $247.38 in excess of the amount which under the terms of the retainer was subject to retention by respondent. That sum of $247.38, therefore, is plainly the money of deceased in respondent's hands and on the authority of *Matter of Wilson (supra)* is recoverable in a discovery proceeding.

In the Supreme Court, which has general jurisdiction over attorneys, it may well be that the representative of the estate could have relief against respondent and his predecessor attorney who between them have received as fees a total of $4,465 out of a recovery of $8,000. The former attorney of deceased is not a party to this proceeding. The remedy of discovery does not lie except in respect of the tangible balance of funds still in the hands of respondent here. Any proceeding for general scrutiny of the dealings of deceased's attorneys with him is cognizable only in the Supreme Court.

The decree here to be entered will adjudge that respondent has in his possession $247.38, moneys of deceased, and will direct payment of such sum, with interest at six per cent from July 5, 1934, when it was received. The court will in addition tax a bill of costs to petitioner.

Submit, on notice, decree accordingly.