In the Matter of the Estate of CHARLES H. THOMS, Deceased.

Surrogate's Court, New York County, October 8, 1937.

*Edmund M. Beecroft,* for the administratrix, etc., petitioner.

FOLEY, S. In this discovery proceeding the administratrix seeks to compel the respondent the Metropolitan Life Insurance Company to deliver to her a policy of insurance, or its proceeds, issued by it upon the life of the decedent. Upon the return of the discovery order a representative of the insurance company appeared, was sworn and testified. From his testimony it appears that the policy was an industrial insurance policy and contained the usual " facility of payment " clause, and that on or about January 15, 1937, payment was made by the company to one Caroline Davidson upon the surrender by her of the policy and upon her sworn statement that she was the widow of the decedent and had paid the premiums. The administratrix claims that she is the lawful widow of the decedent.

Although it appears that payment might have been made to the wrong person, this court is without jurisdiction to direct delivery of the policy, or its proceeds, to the administratrix. The purpose of a discovery proceeding is to bring the decedent's assets within the control of the representative of the estate, where such assets are in the possession of and withheld by a respondent. Undoubtedly jurisdiction exists where the fund is in the possession of the insurance company, and the only dispute is between the estate and a rival claimant to the fund. In such case the insurance company usually appears in the discovery proceeding and, by an answer in the nature of an interpleader, submits the determination of the question to the court, and abides by its decision. Circuity of action is thereby avoided. Numerous decisions uphold the jurisdiction of this court in such proceeding. The situation is different in the pending proceeding. No assets of the estate are now in the control of the insurance company. The proceeds· of the policy were paid by the respondent to a third party under a claim of title by her. Similar claim of title is asserted by the administratrix. The obligation of the respondent here arose by virtue of a contract entered into between it and the decedent. It was a contractual obligation. Whether or not the insurance

company has properly made payment of the proceeds of the policy under its contract with the decedent or otherwise breached the contract are matters which this court is without power to determine in a discovery proceeding. While the jurisdiction of this court to entertain discovery proceedings has been considerably broadened, sections 205 and 206 of the Surrogate's Court Act still do not vest in the Surrogate's Court jurisdiction to compel the payment of common debts or to enforce contract obligations. (*Matter of Thomas,* 235 App. Div. 450; *Matter of Campbell,* 145 Misc. 389; *Matter of Sichel,* 164 id. 2.) Such obligations must be enforced in a common-law court. The petitioner will, accordingly, be relegated to an action at law against the respondent in an appropriate forum.

Proceed accordingly.