In the Matter of the Estate of EDWARD W. BROWNING, Deceased.*

Surrogate's Court, New York County, August 1, 1941.

*Joseph V. Mc Kee [William T. Griffin of counsel], for the executor, petitioner.*

*Avel . B. Silverman, for Lawrence Reiss and the Coal Contract Co., Inc., respondents.*

DELEHANTY, S. In this proceeding the respondents are a corporation and the individual who was the president thereof and sole stockholder therein. The petition alleges that this corporation corrupted an agent of the estate and procured funds of the estate in ostensible payment for coal delivered to property of the estate paying over to the allegedly corrupted agent of the estate graft in consideration of his approval of such sales and graft intended to influence his actions in relation to such sales and deliveries thereunder. A motion has been made to dismiss the proceeding for insufficiency.

The discovery process has the fundamental purpose of permitting inquisition by the representative of an estate respecting any property of the estate within either the knowledge or the control of another. It is the most efficient vehicle under the Surrogate's Court Act for the ascertainment of the extent of an estate — such ascertainment being a fundamental to the administration of the estate. As was said in *Matter of Heinze* (224 N. Y. 1, 6): " Its primary purpose is still inquisitorial (citing cases). Its aim is a discovery which will bring the decedent's assets within the execu-

* Affd., 262 App. Div. 489.

tor's dominion." The history of its development is stated in *Matter of Akin* (248 N. Y. 202). Its early development is recited in *Matter of Silverman* (87 Misc. 571) and in *Matter of Gick* (49 id. 32; affd., 113 App. Div. 16). There can be no doubt under these authorities that the petition and the order warrant the inquisition directed by the order unless graft paid by the vendor to the agent of an estate is not recoverable in discovery.

" If * * * a vendor bribes a purchaser's agent it must be assumed that the purchase money is loaded by the amount of the bribe. The vendor has had and received money *which belongs to the purchaser to the extent of the bribe* which neither the vendor nor the unfaithful agent may in conscience and good morals retain." (*Donemar, Inc., v. Molloy,* 252 N. Y. 360, 365, italics supplied.) The grafter and the briber are alike guilty of crime. (Penal Law, § 439.) " In all this class of cases, the question is * * * whether the agent has done his duty to his principal, and acted according to the trust reposed in him. If he has not, but through default or concealment, in either particular, has obtained a profit or advantage to himself, *he cannot retain it; it belongs to his principal* * * *." (*Morrison* v. *Ogdensburgh and Lake Champlain R. R. Co.,* 52 Barb. 173, 181. See, also, *Howe* v. *Savory,* 51 N. Y. 631; *Labinsks* v. *Holst,* 84 N. Y. Supp. 991, 992; Restatement, Agency, § 388.)

The graft was first received by the respondents. In their hands it still remained the money of the estate. When they paid it over to the grafter they did not exonerate themselves from the obligation to return it to the estate. (*Matter of Wilson,* 252 N. Y. 155.) The facts alleged must be deemed established for the purpose of this motion.

Accordingly the motion to dismiss the proceeding is denied and an order to that effect has been signed.