Delehanty, S.
The court finds on this record that the sum of $5,355.02 was sent by Herbert Gruen, deceased, to respondent to be held in respondent’s name until the latter could reach the western hemisphere. At the time of the transfer it was important to respondent that he satisfy the requirements of the United States immigration authorities that, if permitted to enter this country, he would not become a public charge. The fund transmitted to respondent was transmitted from Paris *42 by deposit there of Dutch guilders with a banking affiliate of the National City Bank of New York coupled with direction to that bank to remit the dollar equivalent to National City Bank in New York for credit to respondent. The remittance is conceded though the ownership of the money is not. Respondent’s position respecting it is variously stated.
Respondent says the money is his and that the deposit of the Dutch guilders by deceased was a handling of respondent’s money. That defense the court finds wholly baseless. It finds in fact that the money was that of deceased and finds that it was remitted to respondent for the special purpose stated. Secondarily, respondent says that the money must be assumed to have been remitted in payment of an obligation by deceased to respondent. Again, the court finds that this defense is wholly baseless. It finds in fact that deceased owed no obligation to respondent at the time of the remittance. Thirdly, respondent says that the transaction of remittance must be dealt with as a French contract and that, when so dealt with, the effect of the transaction was to create at most a relationship of debtor and creditor between him and deceased. Proceeding with his argument from this position, respondent says that the money may not be recovered in discovery.
The court holds and finds that the deposit of Dutch guilders in the French affiliate of the New York bank constituted such affiliate as deceased’s agent for transmitting the money to New York City to be held in the New York bank by respondent for account of deceased. It holds that the parties contemplated that all future dealings with the money were to be had in New York City. The intent of the parties was that the situs of the money was to be in the city of New York. They contemplated no French contract respecting the money. Under such circumstances the defense urged by respondent in respect of the operative effect of the French law is wholly without value to respondent (International Text Book Co. v. Connelly, 206 N. Y. 188, 200 ; Zwirn v. Calento, 288 N. Y. 428, 433; Singer v. Yokohama Specie Bank, 293 N. Y. 542, 549-550).
Accordingly the application to compel respondent to deliver the funds received by bim is in all respects granted (Matter of Wilson, 252 N. Y. 155). Submit, on notice, decree accordingly.