In the Matter of the Estate of RUDOLF STIASSNI, Deceased.

Surrogate's Court, New York County, May 27, 1949.

*Charles S. Reilley* for Charles Stiassni and another, respondents.

*Murray K. Josephson* for Ernest Stiassni, respondent.

*Satterlee, Browne & Mathews* for Paul Reif, respondent.

*Charles Korn* and *Harold H. Corbin* for Gerta Czernin, as executrix of Rudolf Stiassni, deceased, petitioner.

COLLINS, S. The respondents in this discovery proceeding move to dismiss the petition on the ground that the court has no jurisdiction in such a proceeding to declare and enforce rights arising out of a contract between the decedent and respondents. The petition named as respondents the two brothers of decedent and the two sons of one of them. One of the brothers has not been served with process. Petitioner is the executrix and principal legatee under the will of decedent.

The facts as set forth in the petition are as follows: Decedent and his two brothers had extensive business interests in Europe, including certain factories in Yugoslavia. The factory which the parties refer to as " Varazdin " is the particular property involved in this proceeding. Prior to the outbreak of the war the three brothers were successful in removing part of their

wealth to places where it was safe from seizure. From time to time, the brothers met " and agreed on how such assets as they owned together were to be distributed." One such meeting took place in London on August 17, 1939, when the following agreement was executed:

" Agreement entered into among Messrs. Rudolf, Alfred and Ernst Stiassni on August 17, 1939 with regard to the division of the heretofore joint or resp. jointly administered property.

" 1. With regard to the plant property in Brunn and *in Varazdin* and also the credit granted *Varazdin* through the Schweizerisch Bankgesellschaft, it is agreed that Rudolf Stiassni, as long as he and the two other brothers live, has the same rights in his internal relationship to his brothers as the latter, therefore, is held to participate in this property to the extent of one third, and thus one third of the income from these two sources or one third of the proceeds from liquidation devolve upon him. In the event of the death of one of the three brothers, this right of co-ownership of Mr. Rudolf Stiassni or of his heirs is extinguished and any further claim by him or his heirs both with regard to the substance and with regard to the income from these properties terminates.

" 2. In settlement of all other claims between Mr. Rudolf Stiassni on the one hand and Messrs. Alfred and Ernest Stiassni on the other hand, Mr. Rudolf Stiassni receives:

"(a) A sum of 400,000 dollars.

"(b) The entire capital stock of N. V. Grohamij, Amsterdam.

" 3. All former agreements between Mr. Rudolf Stiassni on the one hand and Messrs. Alfred Stiassni on the other hand are herewith voided and aside from the claims set forth in this memorandum, no claims or demands of any nature whatsoever exist among the parties." (Emphasis supplied.)

The business in Varazdin was conducted under the name Tekstilna Industrija, D. D. Varazdin. Up to the time this proceeding was commenced petitioner apparently believed that the business was owned by the brothers as partners. The answers allege — and it now appears to be undisputed — that it was a corporation organized under the laws of Yugoslavia. The new government in Yugoslavia in due course took over and nationalized the Varazdin property. A 1948 treaty between the United States and Yugoslavia made provision for compensation of American citizens for losses arising from the nationalization or other taking of property in Yugoslavia and for payment to the United States of $17,000,000 in full settlement of American property nationalized or otherwise taken. This fund is to be distributed among claimants under procedures to be

established by Congress. No form of procedure has yet been prescribed.

Petitioner alleges that the State Department invited persons claiming right to such compensation to submit to it the details of their claims; that the respondents submitted a claim but that they failed therein to name the decedent as having a one-third interest or as having a right to participate in the compensation for the expropriation of Varazdin. Petitioner contends that on two distinct grounds decedent had the right to share in any compensation paid for the expropriation of Varazdin. First, she claims that although the contract of August 17, 1939, purports to terminate the rights of decedent in the property, such divesting was ineffectual because it was an attempt to make a testamentary disposition of property by an instrument not properly executed under either the laws of Great Britain or the laws of New York. This argument seems to be based upon the assumption that prior to the agreement the decedent had a one-third interest in this property. The text of the agreement might support the inference that he at some time had some interest in the property, but neither the petition nor the agreement explicitly define the nature or extent of any such interest. Secondly, petitioner contends that under the agreement decedent had an interest in one third of the income accrued during his lifetime as well as in one third of the principal, and that the expropriation of these interests during his lifetime gave rise to an obligation on the part of the expropriating Government to compensate him and at the same time vested him with the right to enforce that claim.

The petition states that it is necessary to procure information as to this estate asset in order to include it in an inventory or appraisal. Petitioner seeks specific information respecting the claim as well as information respecting " in general, the value and nature of decedent's claim by virtue of his ownership of the one-third interest in Varazdin ".

It is apparent that what petitioner seeks is a decree determining and declaring the rights of the decedent and the duties of the respondents under the 1939 contract and that she seeks also the aid of this court in compelling the respondents to recognize those rights and to perform their obligations. In her brief she frankly states that one " of the prime objectives of the executrix is to definitize the title of the estate in the undivided share which it owns in the fund of seventeen million dollars " and that she requests a decree " defining and crystallizing as against some of the respondents herein the estate's share in

the fund presently held by the United States Government.'' Petitioner's first theory is based upon the assumption that the decedent owned an interest in Varazdin and that the 1939 contract was invalid insofar as it attempted to divest him of such ownership. Petitioner assumes in her argument that each brother owned one third of the stock. Respondents assert that there is no basis for this assumption, that the stock is owned in equal shares by the brother Alfred and the two sons of Ernest. It is clear, however, that what petitioner is here seeking is a determination by this court of the validity and effect of the 1939 contract insofar as the decedent's claim for compensation is concerned.

Her second argument does not challenge the validity of the contract but proceeds on the theory that decedent's rights and interests were expropriated during his lifetime and that his right to share in the compensation became a vested right. This argument requires not only a judicial determination of the meaning and effect of the 1939 contract but also a decision by this court as to the respective rights of the estate and the respondents in a claim to be prosecuted under a procedure not yet fixed by Congress.

Sections 205 and 206 of the Surrogate's Court Act provide a mode of discovering and reaching specific personal property in the possession of a third person. The law is well settled that in such a proceeding the Surrogate's Court has no jurisdiction to compel the payment of common debts or to declare and enforce contract obligations. (*Matter of Hammer,* 237 App. Div. 497, affd. 261 N. Y. 677; *Matter of Jastrzewski,* 252 App. Div. 384; *Matter of Arduini,* 243 App. Div. 10; *Matter of Thomas,* 235 App. Div. 450, 454; *Matter of Kalik,* 178 Misc. 607, 609; *Matter of Thoms,* 165 Misc. 398; *Matter of Katz,* 63 N. Y. S. 2d 298; *Matter of Campbell,* 145 Misc. 389; *Matter of Steinhardt,* 66 N. Y. S. 2d 734.) It is obvious that respondents here have no property which can be delivered to the petitioner. While the petition mentions '' indicia and emblements of title '' which should be made available to petitioner, it patently refers not to property belonging to decedent but rather to evidence necessary to support petitioner's claim. All that petitioner can now ask is a judicial determination that as among themselves petitioner has an undivided one-third interest in any claim asserted by respondents by reason of the nationalization of Varazdin, and that in any future proceedings for recovery on such claim respondents must recognize and respect such

interest. Under the authorities it is clear that the court cannot grant the relief prayed for.

Petitioner further argues that in any event she is entitled to an inquiry respecting the property because she has established that property " which should be * * * included in an inventory or appraisal, is * * * within the knowledge or information of a person * * * who refuses to impart knowledge or information he may have concerning the same, or to disclose any other fact which will aid such executor * * * in making discovery of such property ". (Surrogate's Ct. Act, § 205.) The information sought by her is not for the purpose of appraising the asset but rather for the purpose of enabling her to file a claim against the fund when machinery for distribution of the fund has been provided by Congress. Discovery proceedings may be utilized to compel the delivery of specific property or to obtain information in respect of the possession of specific property. Such proceedings may not be employed to obtain evidence to be used in another proceeding. (*Matter of Appel,* 115 Misc. 118; *Matter of Lowe,* 148 Misc. 107, 108; *Matter of Kingsley,* 111 Misc. 528; *Matter of Katz,* 63 N. Y. S. 2d 298, *supra.*)

Among the allegations of the petition relating to the Varazdin claim, there is one to the effect that " his brother Ernest Stiassni had free access to the records and correspondence of the decedent, and it is my belief that it is very possible that some of the records and documents were removed by Ernest Stiassni from the decedent's farm at Vermont immediately after his death ". This allegation is made in connection with others which tend to explain why petitioner possesses so little information respecting the Varazdin claim. Records, documents and correspondence belonging to decedent constitute specific personal property which may be the subject of a discovery proceeding. It is not alleged that any property which the decedent had in his possession is missing or unaccounted for. The assertion is merely that if decedent had any such property it is possible that it was removed. If petitioner desires a separate inquiry in respect of such property, the petition must set forth reasonable grounds for such inquiry.

The petition is dismissed as against all respondents, with permission to petitioner to serve and file within ten days an amended petition in accordance with section 205 in relation to any specific personal property alleged to have been removed from the decedent's home.

Submit order on notice accordingly.