In the Matter of the PUBLIC ADMINISTRATOR OF THE COUNTY OF NEW YORK, as Administrator of the Estate of JAMES TREVOR, Deceased, Respondent. MANUFACTURERS TRUST COMPANY, Appellant.

Submitted October 3, 1955; decided December 28, 1955.

*William J. Granger* and *Donald F. Malin, Jr.,* for appellant. The statutory jurisdiction requisite to support the decree made by the Surrogate is lacking. (*Matter of Hyams,* 237 N. Y. 211; *Matter of Walker,* 136 N. Y. 20; *Matter of Delaney,* 256 N. Y. 315; *Matter of Holden,* 264 N. Y. 215; *Fidelity & Cas. Co.* v. *Farmers Nat. Bank,* 275 N. Y. 194; *Sundail Constr. Co.* v. *Liberty Bank,* 277 N. Y. 137; *Solicitor for Affairs of His Majesty's Treasury* v. *Bankers Trust Co.,* 304 N. Y. 282; *Baldwin's Bank of Penn Yan* v. *Smith,* 215 N. Y. 76; *Matter of Rubinstein,* 169 Misc. 273; *Matter of White,* 119 App. Div. 140; *Matter of Brazil,* 219 App. Div. 594; *Matter of Hammer,* 237 App. Div. 497, 261 N. Y. 677; *Matter of Arduini,* 243 App. Div. 10; *Matter of Forrest,* 234 App. Div. 890, 259 N. Y. 553; *Matter of Hitchings,* 281 App. Div. 202.)

*Joseph T. Arenson* for respondent. The Surrogate's Court had jurisdiction to determine the title to the bank account maintained by decedent with appellant in the name of Earl Clifford and to direct payment of the proceeds thereof to respondent. (*Matter of Newsome,* 179 Misc. 862; *Matter of Hirsch,* 202 Misc. 561; *Matter of Goldstein,* 299 N. Y. 43; *Matter of Runk,* 200 N. Y. 447; *Matter of Lyon,* 266 N. Y. 219; *Matter of Raymond* v. *Davis,* 248 N. Y. 67; *Matter of Drellich,* 254 App. Div. 380; *Matter of O'Flyn,* 174 Misc. 1025; *Matter of Beall,* 184 Misc. 881; *Matter of Hyams,* 237 N. Y. 211; *Matter of Walker,* 136 N. Y. 20; *Matter of Wilson,* 252 N. Y. 155.)

Conway, Ch. J. During his lifetime the decedent, James Trevor, had been the recipient of city welfare benefits. After his death three bank books in the names of James Trevor, Paul Weber and Earl Clifford, respectively, were found in his room. Thereafter, letters of administration were issued to the Public Administrator of the County of New York who, as administrator

of the estate of James Trevor, also known as Paul Weber and Earl Clifford, instituted the present discovery proceeding in the Surrogate's Court.

In its answer the trust company admitted the existence of the account which had been opened in the name of one " Earl Clifford " but set up two affirmative defenses: (1) That the relationship between the trust company and its depositor was that of debtor and creditor and, accordingly, that the Surrogate's Court had no jurisdiction to issue a decree directing the trust company to pay over the balance standing to the credit of the account, and (2) that it could not with impunity pay over the funds in question to the petitioner in the absence of unequivocal proof that James Trevor and its depositor, Earl Clifford, were one and the same person.

The Surrogate found that the bank account in the trust company in the name of Earl Clifford was an asset and the property of the estate of James Trevor and directed the trust company to deliver the proceeds of the account to the Public Administrator, as administrator of the estate of James Trevor. The Appellate Division has affirmed by a divided court.

On this appeal the sole contention of the trust company is that sections 205 and 206 of the Surrogate's Court Act, under which this proceeding was brought, do not confer upon the Surrogate's Court the power to direct the payment over of the balance standing to the credit of an ordinary bank deposit account to an estate representative of a deceased depositor.

Section 205 of the Surrogate's Court Act, entitled " Proceedings to discover property withheld ", authorizes the initiation of a discovery proceeding upon a petition alleging: " any facts tending to show that money or other personal property, or the proceeds or value thereof  *  *  *  is in the possession, under the control or within the knowledge or information of a person who withholds the same  *  *  *." If satisfied that reasonable grounds exist, the Surrogate must then order an inquiry regarding the property and may determine adverse claims to the property which become apparent during the proceedings.

Section 206 of the act then provides: " If it appears that the petitioner is entitled to the possession of the property, the decree shall direct delivery thereof to him or, if the property shall have been diverted or disposed of, the decree may direct

payment of the proceeds or value of such property or may impress a trust upon such proceeds or make any determination which a court of equity might decree in following trust property or funds.''

While the statute speaks in broad and unqualified terms of '' money or other personal property, or the proceeds or value thereof '', the decisions interpreting that language disclose that it was not the intention of the Legislature that all estate claims were to be adjusted by way of a discovery proceeding. The purpose of such a proceeding in the Surrogate's Court is to obtain the possession of *specific* personal property or money which belongs to the estate, or the value of the proceeds thereof in the event of the disposal of the specific property, and which is in the possession, under the control or within the knowledge or information of the person withholding it (see *Matter of Ehrlich,* 126 Misc. 673; *Matter of Sichel,* 162 Misc. 2; and *Matter of Wilson,* 252 N. Y. 155, 157). As was pointed out by Surrogate Wingate in *Matter of Lusher* (159 Misc. 387, 389) : '' The line of demarkation between the instances in which the court has jurisdiction and those in which it has not, is wholly unmistakable. If the genesis of the obligation of the respondent was predicated on the possession of an asset, jurisdiction inheres. If it was based merely on a general claim against him, purely *in personam,* it does not.'' Thus property concerning which discovery has been held a proper remedy for recovery includes, among others, shares of stock,[1] insurance policy proceeds,[2] papers relating to financial affairs of deceased and other documents,[3] death benefit from a labor organization,[4] interest in a mortgage,[5] a deposit of foreign money,[6] secret commissions,[7] money of a client held in trust by attorney,[8] proceeds of sale of personal property,[9] and securities or money commingled with trust funds.[10]

[1] *Matter of Babcock,* 85 Misc. 256, affd. 169 App. Div. 903, affd. 216 N. Y. 717.

[2] *Matter of Howley,* 133 Misc. 34; *Matter of Reilly,* 111 Misc. 66.

[3] *Matter of Ryan,* 115 Misc. 472.

[4] *Matter of Reilly,* 111 Misc. 66, *supra.*

[5] *Matter of Hauber,* 136 Misc. 798.

[6] *Matter of Gruen,* 1 Misc. 2d 41.

[7] *Matter of Browning,* 177 Misc. 328.

[8] *Matter of Ostrow,* 162 Misc. 783.

[9] *Matter of Fraley,* 129 Misc. 803.

[10] *Matter of Rubin,* 168 Misc. 81.

As it is pointed out in Jessup-Redfield: '' Disregarding assets for which discovery lies but as to which the remedy fails as a matter of proof, there are distinct types of assets that cannot be sought by discovery. One of these is a common debt. Many cases attempting such recovery which have failed on jurisdictional grounds * * * [are to be found] [see, e.g., *Matter of Thomas*, 235 App. Div. 450; *Matter of Carey*, 11 App. Div. 289; *Matter of Thoms*, 165 Misc. 398; *Matter of Faulkner*, 134 Misc. 507; *Matter of Bawer*, 132 Misc. 568, affd. 226 App. Div. 866]. The wonder is that the effort is so persistently undertaken.'' (4 Jessup-Redfield, Surrogates' Law and Practice, § 3058.) The underlying theory of those cases is that the Legislature has, by means of a discovery proceeding, vested in the Surrogate's Court jurisdiction to aid a personal representative in his duty to recover property of the decedent or of the estate or the proceeds of the sale of such property but has not vested in the Surrogate's Court jurisdiction over actions at law for the recovery of common debts or to enforce ordinary contract obligations and that an action to establish and enforce a debt must still be brought in the common-law forums. The nature of such an action is in personam and it does not come within the general purview of the statute authorizing in rem discovery proceedings. The relationship between a bank and its depositor is that of debtor and creditor with the result that the obligation of the bank to the depositor becomes merely a chose of action in the possession of the depositor (see, e.g., *Solicitor for Affairs of His Majesty's Treasury* v. *Bankers Trust Co.*, 304 N. Y. 282; *Fidelity & Cas. Co.* v. *Farmers Nat. Bank*, 275 N. Y. 194; *Matter of Holden*, 264 N. Y. 215; *Matter of Delaney*, 256 N. Y. 315; *Baldwin's Bank of Penn Yan* v. *Smith*, 215 N. Y. 76).

The debt from the trust company here to its depositor, '' Earl Clifford '', is not different in essence from any other debt arising on a contract. The chose in action possessed by the estate of decedent is not property withheld by the trust company. Nor can it be said that the trust company holds proceeds or value arising from diversion or other disposition of property which belonged to the decedent. The trust company has never been in possession, as such, of any property of decedent which it could divert or dispose of, and no proceeds or value arising from

a disposition of any of decedent's property by other persons has ever come into the trust company's hands. For the foregoing reasons there is a line of authorities holding that the Surrogate's Court does not have jurisdiction to direct payment of the balance in a decedent's bank account to his estate representative (see, e.g., *Matter of Hitchings,* 281 App. Div. 202; *Matter of Hammer,* 237 App. Div. 497, affd. without opinion 261 N. Y. 677; *Matter of Brazil,* 219 App. Div. 594; *Matter of White,* 119 App. Div. 140).

*Matter of Akin* (248 N. Y. 202) and *Matter of Wilson* (252 N. Y. 155, *supra*) do not suggest a contrary result. They merely indicate that the Surrogate's Court now has jurisdiction to dispose of every claim to property which should be delivered to an executor, administrator or guardian. Money improperly drawn from a bank is property which comes under the jurisdiction of the Surrogate's Court in discovery proceedings. It then becomes a trust fund or " specific money " in the hands of the wrongful holder over which the Surrogate's Court may exercise control. Here, the trust company had no specific money of the deceased in its hands. It merely owed the estate money.

The 1939 amendments to sections 205 and 206 did not add to the power of the Surrogate with respect to directing payment of a bank deposit. According to the Bill Notes to chapter 343 of the Laws of 1939, the amendments had a twofold purpose: (1) authorizing a testamentary trustee to bring discovery proceedings, and (2) permitting the bringing in of a third party claiming the right to possession of the property.

Accordingly, we are presented with a situation where the Surrogate was without jurisdiction to entertain a discovery proceeding. It necessarily follows that the decree of the Surrogate is void. (*Matter of Walker,* 136 N. Y. 20; *Chemung Canal Bank* v. *Judson,* 8 N. Y. 254.) The trust company may not be asked to content itself with the Surrogate's decree or be told that the Surrogate's decree will protect it against a possible later claim as much as a judgment in an action, for the decree of a court lacking jurisdiction of the subject matter is a nullity which affords no protection since it can be overturned at any time (see *Matter of Hitchings,* 281 App. Div. 202, *supra*).

The order of the Appellate Division and the decree of the Surrogates' Court should be reversed and the petition dismissed, with costs in this court and in the Appellate Division.

DESMOND, FULD, FROESSEL, VAN VOORHIS and BURKE, JJ., concur; DYE, J., taking no part.

Order reversed, etc.