John D. Bennett, S.
The administratrix seeks to institute a discovery proceeding by an ex parte order pursuant to sections 205 and 206 of the Surrogate’s Court Act. With commendable zeal she seeks to make respondents of seven persons all of whom are alleged in conelusory language to have been ‘1 well acquainted with decedent ” and with “ his personal affairs and business transactions ”, to have knowledge and information concerning personal property of the decedent, and to have “ knowledge of other facts which will aid petitioner in making discovery of property of the decedent” which “knowledge or information said persons are withholding from petitioner, * * * and refuse to impart and disclose to petitioner. ”
The petition then lists the names of the seven individuals. The .first is alleged to have been in the decedent’s employ as a domestic, and to have received from the decedent during his lifetime various sums of money, an automobile and other items of personal property. It is further stated that on the date of the decedent’s death there was a bank account of approximately $4,000 in the name of the decedent or the former domestic, payable to either of them or the survivor. It is alleged that this bank account “may” be an, estate asset. There then follows the statement that this person is 1‘ believed to have possession or knowledge or information concerning other property or money which should be paid or delivered to petitioner ”.
The last-quoted “ belief ” is alleged as to each of the remaining six respondents. In addition it is stated of the third individual named that he is a surviving partner in a business in which the decedent had an interest. The fourth is stated to be indebted to the decedent. Of the fifth it is stated that she was formerly the decedent’s secretary and bookkeeper, and that there exists an assignment to the decedent of a judgment against her. Concerning the sixth it is stated that among decedent’s records there was found a cancelled check in the sum of $3,500 made by the decedent payable to this proposed respondent. Of the seventh it is stated that he appears to be indebted to the decedent..
*41 Section 205 of the Surrogate’s Court Act, requires: “ If the surrogate is satisfied on the papers so presented that there are reasonable grounds for the inquiry, he must make an order accordingly ”.
Even when considering an ex parte order the Surrogate can only be ‘ ‘ satisfied ’ ’ when there is at least prima facie compliance with the requirements of the statute. A failure to adhere to this criterion may result in a decree which is a nullity because the court lacks jurisdiction, of the subject matter (Matter of Trevor, 309 N. Y. 389, 394). On the other hand, the court is conscious that an appeal does not lie from an ex parte order (Matter of Braloff, 285 App. Div. 1177) and that therefore extreme care must be used before an application for an ex parte order is denied. In addition, in the consideration of each application seeking discovery the court is concerned with the application of two conflicting principles. The first is that a representative should, if possible, be aided in discovering all of the assets of the decedent. The second is that the court must not aid an overzealous or litigious representative in the harassment of those who have not been shown, prima facie, to have property of the decedent or information respecting such property. These considerations are reflected in the statute itself. Section 205 of the Surrogate’s Court Act, reads: “ An executor, administrator, temporary administrator, testamentary trustee or guardian may present to the surrogate’s court from which letters were issued to him, a petition setting forth on knowledge or on information and belief any facts tending to show that money or other personal property or the proceeds or value thereof, which should be delivered or paid to the petitioner or included in an inventory or appraisal, is in the possession, under the control or within the knowledge or information of a person who withholds the same from him, whether such possession or control was obtained in the lifetime of a decedent or subsequent to his death or who refuses to impart knowledge or information he may have concerning the same, or to disclose any other fact which will aid the petitioner in making discovery of such property, and praying an inquiry respecting it and that the respondent may be ordered to attend the inquiry and be examined accordingly, and to deliver the property if in his control. The petition may be accompanied by an affidavit or other written evidence tending to support the allegations thereof.”
It should be noted that the proceeding may be brought not only against a person in possession of the decedent’s property *42 but also against one who has knowledge or information concerning such property which he refuses to divulge.
* ‘ The proceeding may be brought against
“ (1) A person in possession of an asset of the estate;
“ (2) A person under whose control there is an asset of the estate. Whether such person obtained possession or control either before or after the decedent’s death he may be examined. This is to provide for claim of title by gift, the usual defense.
“ (3) A person who refuses to impart knowledge or information he may have concerning an asset;
“ (4) A person who refuses to disclose any other fact which will aid the representative in making discovery.
# # *
“ The class of persons embraced within the section is extremely broad, and advisedly so, in order that the representative may properly ascertain the property of the estate and its whereabouts. The proceeding should be directed only against persons who have possession, control, knowledge or information concerning property or the proceeds or value thereof which should be delivered or paid to the petitioner or included in an inventory or appraisal.
* # *
‘ ‘ A description of chattels as household furniture, jewelry, silverware and wearing apparel is not sufficient to identify the chattels. A petition was held defective for failure to indicate the specific fund sought to be discovered. But a petition alleging that Eastman Kodak stock was loaned by the decedent to the respondent for temporary use was held sufficient as against the contention that the petition showed a mere debt. In any event the property should be described with as great particularity as the representative’s information justifies. The usual allegations are that the respondent is in control and possession of estate assets and neglects and refuses to deliver the same to the representative. Unless the petition alleges that property is missing or unaccounted for, the petition is insufficient. For the purpose of passing on the sufficiency of the petition, the facts alleged must be deemed true.” (1 Harris on Estates Practice Guide [2d ed.], pp. 648-649.)
‘‘ A discovery proceeding is inquisitorial for the purpose of enabling the fiduciaries of an estate to obtain information to permit them to properly perform their duty in reducing estate assets to their possession. It is not necessary that the respondent be in possession of the property or that he ever possessed it. It is only required that he possess some knowledge regarding *43 the property which is the subject of the inquiry.” (Dodge and Sullivan on Estate Administration and Accounting, pp. 339-340.)
(See, also, 3 Warren’s Heaton on Surrogates’ Courts, §§ 235.1. [f] , 235.2., 235.3. [c]; 4 Jessup Redfield on Surrogates Law and Practice, § 3060; Matter of Liebl, 201 Misc. 1092,1095; Matter of Cohen, 206 Misc. 313, 314; Matter of Kevill, 166 Misc. 230, 233.)
The language of the statute makes it difficult to determine the quantum of evidentiary matter required to be found in the petition. Although there is an indication that the “ money or other personal property ” should be described with some degree of definiteness, the statute also points out that there should be presented “ facts tending to show that such property should be delivered to the representative ”. Emphasis has been placed on the use of the word “ tending ”. In Matter of Kevill (p. 233, supra) the court said: “ In its inception the proceeding is essentially inquisitorial in aspect, or, to borrow the familiar designation of professedly indignant respondents,£ a fishing expedition. ’ That it may rightfully be prosecuted on this basis is wholly obvious from the language of section 205 of the Surrogate’s Court Act which authorizes its institution upon a demonstration on information and belief of ‘ any facts tending to show ’ that any person has possession of or ‘ knowledge or information ’ concerning property which should be delivered to the estate representative, or that a person 1 refuses to impart knowledge or information he may have concerning the same, or to disclose any other fact which will aid such executor * * * in making discovery of such property.’ ”
Although the discovery proceeding may properly be described as “ a fishing expedition ” it seems fairly clear that the authorities do not consider it to be a fishing expedition with an unlimited license. See Jessup Redfield on Surrogates Law and Practice (Yol. 4, §§ 3061, 3062): “ The petition may be on knowledge, or on information and belief. Bearing in mind the circumstances which cause resort to this remedy, it is very likely to be on information and belief. It may not, however, be a stab in the dark. Since the petition is addressed to the court’s discretion, allegations on information and belief must be backed up by disclosure of the sources of information and grounds for belief. The surrogate should issue a citation only if satisfied that there are reasonable grounds for inquiry,
* # *
*44 • ‘ ‘ The court assumes that definiteness and exactness may-present a difficult burden since the representative may be and often is terribly short of accurate information. Otherwise there would be little need for this sort of inquiry. There is authority for upholding a petition if the articles of property sought are described with reasonable definiteness. The petition must be more specific than a statement that money is due. That looks like a mere debt. The charge should name specific moneys. It should be inferable at least that the assets in question were owned by the decedent in his lifetime. The goal is the best prima facie case that the petitioner can make out with the data on hand.” • (See, also, 3 Warren’s Heaton on Surrogates’ Courts, § 236.1. [b]; 1 Harris on Estates Practice Guide, § 420.)
It should be noted that in the first instance the Surrogate is required to act on an ex parte application. Concerning this, Jessup Redfield on Surrogates Law and Practice (Yol. 4, § 3063) says: “ It is a peculiarity of all proceedings in the surrogates’ courts-that they start out as ex parte applications and in most cases remain so. Consequently as the petition runs the gauntlet of attack, the first test it must meet is the challenge of the surrogate. At this point, the respondent is not likely to know about the petition and has no part in obtaining it or moving for dismissal. Ex parte dismissal depends upon an inherent fault in the petition.
•1 There are various technical defects which may warrant ex parte dismissal. That can be guarded against and should not be allowed to happen. An illustration of this is failure to allege that the assets belonged to the decedent and are part of the estate, and it has been held insufficient to show that there is probable cause to believe they belong to the estate. Other technical grounds include a showing that a discovery is still pending, laches, lack of jurisdiction, and defects of a like nature. But such defects must appear on the face of the petition else they must be raised by the respondent after he has become a party. While the factual situation must be fully developed, the petitioner should not talk himself out of court. Thus, an allegation raising a claim of title formerly required dismissal. But this is no longer the case.
“ The recital of grounds, plus backing them up factually, goes to the heart of the matter. There must be grounds on which the court can act. Dismissal is to be expected if the grounds show an attempt to collect a debt or that the proceeding has for its object discovery of information for use in another action. Where the asset was bequeathed specifically it was held that the *45 petition was dismissible in the absence of a showing that it was needed in the estate to pay debts.”
Where it has appeared on the face of the petition that the application is improper, an ex parte order has been denied (Matter of Appel, 115 Misc. 118). More often the issue has been determined after an appearance by the, respondent (Matter of Gick, 49 Misc. 32; Matter of Babcock, 85 Misc. 256; Matter of Ehrlich, 126 Misc. 673; Matter of Brotvn, 141 Mise. 805; Matter of Lowe, 148 Misc. 107; Matter of Hilliard, 172 Misc. 273; Matter of Browning, 176 Misc. 308; Matter of Feinberg, 185 Misc. 862; Matter of Kirchenbaum, 195 Misc. 636; Matter of Tesser, 4 Misc 2d 712).
No consistent guide is to be found in the cases as to what constitutes a sufficient identification of specific property. Compare Matter of Babcock (p. 270, supra) where a description of 1 ‘ household furniture, jewelry, silverware, [and] wearing apparel” was held insufficient, with Matter of Lowe {supra) which held that the same description accompanied by a statement that the articles were located at the widow’s home was a sufficient description, and Matter of Feinberg (p. 864, supra) where the court said: “ The motion to dismiss for failure of the petition to specifically describe and identify the jewelry alleged to be in respondents’ possession is denied. In view of the broad latitude permitted in the initial or inquisitional stage of a discovery proceeding, sufficient is alleged in the petition to make out a prima facie showing of petitioner’s right to examine the respondents.” The language of the Feinberg case would indicate a less stringent standard than is found in Matter of Brown (pp. 806-807, supra) where the court said: “ The petition and affidavits upon which the order is based describe with reasonable definiteness the particular articles of personal property concerning which the discovery is sought. The articles of jewelry are enumerated, the amount of money is specified, and the documents and papers alleged to be the property of the estate are described with sufficient statutory compliance. Moreover, the petitioner reveals the circumstances under which it is alleged that the respondent secured possession of these articles and, in addition, the sources of the petitioner’s information and the grounds for his belief. The court is satisfied, therefore, that reasonable grounds exist for the present inquiry. (See Walsh v. Downs, 3 Dem. 202.)
* # *
11 (c) The documents and papers concerning which the examination is sought are described with sufficient particularity. As *46 was recently stated in an opinion by the Appellate Division, First Department, ‘ the primary purpose of the discovery proceeding is still inquisitorial.’ (Matter of Nutrizio, 211 App. Div. 8, at p. 13.) ‘ This very proceeding is intended to remove indefiniteness and uncertainty in respect to things that are unknown to the executor or administrator and to give the representative an opportunity to find out, with certainty and definiteness, about things as to which he lacks information. ’ (Matter of Gick, 49 Misc. 32, at p. 38.) The documents and papers are described with sufficient definiteness to apprise the respondent as to their identity, and with all of the particularity that the petitioner possesses.”
Matter of Trevor (309 N. Y. 389, supra) specifically determined that discovery did not lie in a proceeding to recover a bank account, since it was a common debt, a determination resulting in an amendment to section 205, so that a bank account is now included in the definition of ‘ ‘ money or other personal property ”. (L. 1956, ch. 270.) However, in reaching this result the Court of Appeals used trenchant language in asserting that the Surrogate’s Court has jurisdiction only if the proceeding seeks possession of specific personal property, or information from a person who has knowledge of such property and who withholds such knowledge. At page 392 the court said: ‘ ‘ While the statute speaks in broad and unqualified terms of ‘ money or other personal property, or the proceeds or value thereof ’, the decisions interpreting that language disclose that it was not the intention of the Legislature that all estate claims were to be adjusted by way of a discovery proceeding. The purpose of such a proceeding in the Surrogate’s Court is to obtain the possession of specific personal property or money which belongs to the estate, or the value of the proceeds thereof in the event of the disposal of the specific property, and which is in the possession, under the control or within the knowledge or information of the person withholding it (see Matter of Ehrlich, 126 Misc. 673; Matter of Sichel, 162 Misc. 2; and Matter of Wilson, 252 N. Y. 155, 157). As was pointed out by Surrogate Wingate in Matter of Lusher (159 Misc. 387,389):1 The line of demarkation between the instances in which the court has jurisdiction and those in which it has not, is wholly unmistakable. If the genesis of the obligation of the respondent was predicated on the possession of an asset, jurisdiction inheres. If it was based merely on a general claim against him, purely in personam, it does not.’ Thus property concerning which discovery has been held a proper remedy for recovery includes, among others, shares of stock, insurance policy proceeds, papers relating to financial *47 affairs of deceased and other documents, death benefit from a labor organization, interest in a mortgage, a deposit of foreign money, secret commissions, money of a client held in trust by attorney, proceeds of sale of personal property, and securities or money comingled with trust funds.” (Citing Matter of Babcock, 85 Misc. 256, affd. 169 App. Div. 903, affd. 216 N. Y. 717; Matter of Howley, 133 Misc. 34; Matter of Reilly, 111 Misc. 66; Matter of Ryan, 115 Misc. 472; Matter of Hauber, 136 Misc. 798 ; Matter of Gruen, 1 Misc 2d 41; Matter of Browning, 177 Misc. 328; Matter of Ostrow, 162 Misc. 783; Matter of Fraley, 129 Misc. 803; Matter of Rubin, 168 Misc. 81.) Although the court in Matter of Trevor (supra) was distinguishing tangible property from a chose in action, the language used is equally applicable here.
The apparent contradiction in the cases is reflected in Warren’s Heaton on Surrogates’ Courts (Yol. 3 [6th ed.], §236.1. [b]) where it is said: “ It is not essential, as the section indicates, for these facts to be set forth positively. The allegations of the petition are sufficient to require the issuance of an order for examination if they tend to show the facts required by the statute. Mead v. Sommers, 2 Dem. 296. On the other hand, the petition should show clearly the nature and extent of the property claimed to be withheld and it should be accurately described.”
From these authorities may be gleaned some criteria with respect to the determination of the adequacy of each petition. (1) The proceeding must relate to specific personal property. (2) The specific personal property must be described or facts presented to satisfy the court that specific property is sought to be discovered. (3) The requirement that specific personal property must be shown to be the subject matter of the proceeding applies whether it is alleged that the respondent holds the same or whether it is alleged that he has knowledge or information which he withholds from the representative.
Judged by these criteria, the present application is inadequate even prima facie to support the institution of the proceeding.
If the petitioner be so advised, he may submit either an amended petition or affidavits or other written evidence ‘ ‘ tending to support the allegations thereof” (Surrogate’s Ct. Act, § 205) within 10 days, failing which the court will deny the application with leave to renew on proper papers.