Joseph A. Cox, S.
This discovery proceeding was instituted by the ancillary administrator with the will annexed to recover from the respondent a cash sum of approximately $14,000. The decedent died in December, 1934, a resident of Germany. In the following year an administrator of the estate was appointed by a German court. In 1939 the administrator accounted and an order was made terminating the administration upon a final accounting. Thereafter accounts were rendered by the administrator. It appears that in March, 1951 the German Probate Court indicated that the administrator would be recognized as the estate representative but in June of that year the court reversed its position and held that the administration of the estate had terminated. It seems that upon appeal there was a holding that the administration continued to exist. A different administrator was appointed in October, 1955 and it was upon the authorization of such administrator that the ancillary representative was appointed in New York. German lawyers testified in this proceeding as to the legal significance of the judicial proceedings *577 and the determinations in Germany and, as is usually the case with experts, they failed to agree in their interpretations of both the court orders and the applicable German law.
The facts pertinent to this proceeding are that the heirs of the decedent instituted restitution proceedings between 1951 and 1953 before the Restitution Chamber of the appellate court in Duesseldorf. As a result of such proceedings payments of approximately 50,000 German marks were made at intervals and were deposited in a blocked account in a German bank to the credit of 11 Community of Heirs of Julius Lipmann, care of Eric Lipmann, 5205 Wythe Avenue, Richmond 26, Virginia, U. S. A.” During the years 1952 and 1953 Eric Lipmann, purportedly acting on his own behalf and as representative of the heirs of the decedent, sold blocked marks to the respondent and the respondent paid to Eric Lipmann equivalent dollar amounts. While there is serious dispute as to whether or not a German administrator was properly in office during the period of these transactions, concededly the restitution court did not approve payments to an administrator and the blocked mark account was not in the name of a German administrator. Any question as to the propriety of such payments pursuant to the authority given by the restitution court is a matter with which this court is not • concerned. It is claimed by the petitioner that the form of the account, even though not in the name of an administrator, provided notice both to the German bank and to the respondent that the deposit was for the account of an estate. The bank is not a party to this proceeding and, had jurisdiction of the bank been procured, recovery from the bank could not be had in a discovery proceeding. Jurisdiction in discovery did not exist prior to the amendment of section 205 of the Surrogate’s Court Act by chapter 270 of the Laws of 1956 (Matter of Trevor, 309 N. Y. 389) and recovery in discovery does not exist under the text of that amendment, which is limited to deposits by the decedent or to his credit or for his account in which the depositary claims no beneficial interest. The text of the 1956 amendment and the legislative note make it clear that jurisdiction to recover a bank deposit by means of discovery is limited to a situation where the bank is a stakeholder with no financial interest in the outcome of the proceeding. The amended statute does not permit a claim against the bank for its handling of the deposit. It cannot be contended that this deposit ever was in the decedent’s name and, although the amended statute does not refer to an account in a fiduciary’s name, it is doubtful that this deposit can be regarded as one in the name of an estate representative. If the discovery process cannot be availed of as a means of *578 recovering the deposit or damages from the hank, either as a debtor or a wrongdoer, there is no basis for employing the discovery process as a means of recovering from the respondent who acquired its claim to the deposit through the bank and is in a more remote position.
At the inception of this proceeding a motion was made to determine the jurisdiction of this court and, upon the statements in the pleadings and the affidavits then submitted, the court was of the opinion that jurisdiction did exist (N. Y. L. J., June 14, 1960, p. 12, col. 5). It is unfortunate that extended hearings were required to fully develop the underlying facts upon which the present determination is made but, upon all the evidence, the conclusion must be that jurisdiction does not lie. The petition is dismissed.
The request of the respondent that this court, upon its own motion, remove the petitioner from office is denied.